## W. W. Ratliff v. J. J. Terrell, Commissioner.

### No. 1315. Decided May 5, 1904.

**School Land—Purchase—Actual Settler.**
Under Revised Statutes, article 4218ffff (Act, April 19, 1901) an applicant to purchase school land within five miles of that which he owned and lived on was not required to make affidavit to such ownership, but only to absence of collusion; though he inadvertently applied to purchase as an actual settler on the tract applied for, and was not such settler, his application and affidavit covered all the requirements necessary to constitute him a purchaser of lands additional to his home place; and his purchase was not void, nor the land open to purchase by another applicant. (Pp. 525, 526.)

Original application to the Supreme Court by Ratliff for writ of mandamus against the Commissioner of the General Land Office.

*J. D. Cunningham,* for petitioner.—A person desiring to purchase school lands shall make a separate application for each tract applied for, describing the lands sought to be purchased, accompanied with the affidavit of the applicant that he desires the same for a home, and has in good faith settled thereon, except where otherwise provided by law; it is prerequisite to the passing of title that the written statement and affidavit be made, and the grounds upon which he seeks the land must be set out in the affidavit, and if for a home there must be a settlement; all acts done by either the purchaser or the Land Commissioner, in the absence of the above facts as conditions precedent, are void, and confer no right on the purchaser. Willoughby v. Townsend, 93 Texas, 81; Hitson v. Glasscock, 2 Texas Civ. App., 618; Eastin v. Ferguson, 4

Texas Civ. App., 646; Burnham v. Terrell, 97 Texas, 309; Acts 1901, chap. 125, sec. 2.

It is incumbent upon the purchaser of public lands to see that the application describes the land he purchases, and if he misdescribe he takes no title as against a third person. Robles v. Cooksey, 6 Texas Ct. Rep., 13; Burnham v. Terrell, 97 Texas, 309.

Parties and privies are estopped by recitals of deeds that go to make up the title asserted by them. Polk v. Chaison, 72 Texas, 503.

One about to purchase property is not bound to inquire further than the proper records and may rely on what they recite. Eylar v. Eylar, 60 Texas, 320.

A purchaser of legal title to land without notice of equity is an innocent purchaser. Ledbetter v. Higbee, 13 Texas Civ. App., 271.

It is a rule of law governing contracts for the sale of real estate in this State, that "any person possessing the requisite qualifications, finding a section of school land which is not detached and isolated, has the right under the statute to settle upon and purchase it; of such right he can not be deprived by a previous contract made by the Commissioner with another not an actual settler, because such other had no right to buy and the Commissioner no right to sell." Eastin v. Ferguson, supra. The above rule being from a series of decisions of this court, the same is stare decisis. Smith v. Power, 23 Texas, 30; Willis v. Owen, 43 Texas, 43.

Every purchaser shall reside upon and improve in good faith the land purchased by him, and failing to do so he shall forfeit said land, and all payments made thereon to the State, to the same extent as for the nonpayment of interest, and such land shall be again upon the market, as if no such sale had occurred, and all forfeitures for nonoccupancy shall have the effect to place said land upon the market without any action whatever upon the part of the Land Commissioner. Acts of 1901, chap. 125, sec. 3; Bates v. Bratton, 96 Texas, 279.

A written instrument, free from ambiguity, can not be reformed where the rights of third parties intervened, the plaintiff never having been in possession. Balfour v. Cleveland, 41 S. W. Rep., 143. Mistake can be corrected, but not after the rights of third parties are vested. Nesting v. Terrell, 97 Texas, 18. Petitioner having purchased without knowledge of the mistake in Currie's application to purchase was entitled to rely upon the same. Farley v. Deslonde, 69 Texas, 461.

*Ellis Douthit,* for respondent John Currie.—The actual facts existing authorizing the sale of the land by the Land Commissioner and the land having been duly awarded by the Land Commissioner, the sale to Currie was effective and binding, regardless of the affidavit erroneously stating the place of residence of Currie. The affidavit as to the residence, under the circumstances in this case was mere surplusage, and should not be regarded, the actual facts existing which authorized the sale. The sale not being void, but merely voidable, at most, by the State, the land was

not on the market at the date of relator's application to purchase and he acquired no rights under his application. Nesting v. Terrell, 97 Texas, 18; Weckesser v. Lewis, 3 Texas Law Journal, 543; O'Keefe v. McPherson, 61 S. W. Rep., 538; Watson v. White, 64 S. W. Rep., 826; Joyce v. Sisk, 62 .S. W. Rep., 960; Perez v. Canales, 69 Texas, 677; Price v. Bates, 74 S. W. Rep., 609.

The sale having been effected to Currie by virtue of his application and the law not giving the Land Commissioner any power to forfeit a sale made under the circumstances, the Land Commissioner is without authority to cancel the sale and the sale could only be canceled, if at all, and the land again placed on the market by a proper proceeding for that purpose. The court will not mandamus the Land Commissioner and compel him to do a ministerial act not required or authorized by law. The Land Commissioner must be under a clear legal obligation to perform a duty said to be imposed upon him before the writ can issue, and the writ will never issue unless the duty is clear beyond dispute. Harper v. Terrell, 96 Texas, 479; Teat v. McGaughey, 85 Texas, 487; Townes' Texas Pleading, 391.

GAINES, CHIEF JUSTICE.—This suit was brought to compel the respondent Terrell, as Commissioner of the General Land Office, to accept the application of relator to purchase a section of school land in Glasscock County. John Currie was made a party defendant, as an adverse claimant of the section.

The facts as shown by the petition and answers are uncontroverted. They are as follows: On the 19th of August, 1903, the defendant, Currie, filed with the county clerk of Glasscock County his application to purchase the section of land in controversy. His application was in all respects regular, the cash payment was made to the Treasurer, and the obligation filed as required by the statute. He deposed, however, in his accompanying affidavit that he desired to purchase the land for a home and that he was a bona fide settler thereon; and that he was not acting in collusion with others for the purpose of buying for any other person or corporation and that no other person or corporation was interested in the purchase thereof. This application was received in the Land Office August 22, 1903, and the land was awarded to the applicant on the 25th of the same month. At the time the application was filed with the county clerk, the applicant did not reside upon the section applied for, but was the owner of and a resident upon "other land" within a radius of five miles of that section. According to the averments of the answer, which as we have said are not controverted, Currie did not in fact desire to purchase the section as an actual settler thereon but as the owner of "other land." He supposed, however, that the clerk before whom the affidavit was made knew the facts and that he had made it out in accordance therewith; and he swore to and subscribed to it, not being aware that it stated that he was a settler upon the land. On the 6th of November, 1903, the relator made a like application to

purchase the section as an actual settler thereon and complied in all respects with the statutes for the sale of the school lands.   His application was received by the Commissioner of the General Land Office on the 11th day of the same month and was rejected on the 13th.   On the 11th day of December, 1903, defendant Currie filed an amended application applying to purchase as the owner of "other lands" under article 4218fff of the Revised Statutes, and on the 28th of the same month filed his affidavit with the Commissioner showing the mistake in his original application.

The question is, does the fact that defendant Currie by inadvertence stated in his first application that he was an actual settler upon the land in controversy and desired to purchase it for a home, when in truth his home was upon another tract which he owned within a radius of five miles thereof, and he desired to make the purchase as such owner and resident, render his application void?   We think not.   At the time his application was made the Act of April 19, 1901, which was amendatory of the previous law, was in force.   Section 2 of that act provides among other things "that any person desiring to purchase school or asylum lands shall make a separate application for each tract applied for, addressed to the Commissioner of the General Land Office, describing the lands sought to be purchased, which application shall be accompanied with an affidavit of the applicant to the effect that he desires to purchase the land for a home and has in good faith settled thereon, except where otherwise provided by law, and he shall also swear that he is not acting in collusion with others for the purpose of buying land for any other person or corporation, and that no other person or corporation is interested in the purchase thereof," etc.   In the previous law there were provisions for the purchase of school lands without actual settlement thereon.   For example, it was provided that one who had purchased a section or the part of a section of school land as an actual settler could purchase additional lands within a radius of five miles of the home tract. So also article 4218fff provided, "that any actual bona fide owner of and resident upon any other lands contiguous to said land or within a radius of five miles thereof may also buy any of the aforesaid lands," etc.   These clearly fall within the exception made by the words, "except where otherwise provided by law," as found in that part of section 2 of the Act of 1901 previously quoted.   In the latter case, no affidavit as to the ownership of and residence upon the "other lands" is required by the statute.   The affidavit as to collusion is required, and that was made by defendant Currie in his first application.   Therefore it appears that at the time Currie made his original application he was entitled under the law to buy the section, and that in applying to purchase he complied with every requirement of the statutes then in force with reference to the sale of the school lands of the State.   Nor does it appear that he failed to comply with any regulation with reference to such sales promulgated by the Commissioner and approved by the Governor as authorized by article 4218c of the Revised Statutes.   If it had been

shown that he had not conformed to a properly adopted and approved regulation of the Land Office, with reference to the purchase of these lands in such cases, we would have had a more difficult question. Being qualified to buy the land and having complied with all the statutory requisites, and so far as we can see with the regulations of the land department, in making his application, we are of opinion that he became a lawful purchaser, and that his right is not impaired by the fact that in his first application he made a mistake in stating the ground which entitled him to purchase.

For these reasons the writ of mandamus is refused.

*Mandamus refused.*