### C. C. BRUNSON ET AL. v. F. M. BLAIR.

*Decided October 27, 1906.*

**1.—Land Agent—Commissions—Quantum Meruit.**

An owner employed an agent to sell 640 acres of land; the land was to be sold for not less than $15 per acre cash, net to the owner, within forty days, and the agent was to have all he could get over that price; within the time stipulated the agent found a purchaser at $19.50 per acre, and the money was deposited

in bank, subject to owner's order, upon tender of title; a conflict was discovered between the 640 survey and an older survey, leaving only 538 acres free of conflict; the purchaser learned of the terms of the contract between the agent and owner; in dealing with the agent, and for the purpose of eliminating him, the purchaser insisted on 640 acres or none at all, but, by agreement between the owner and purchaser, the latter agreed to take the 538 acres at $15 per acre; in settlement of a controversy with the agent it was agreed that the owner should pay him $600 and the purchaser should pay $300; it afterwards developed that the owner could make title to only 338 acres, which the purchaser took at the same price per acre; the owner and the purchaser then refused to pay the agent the amounts promised on the ground that the promise was based on a sale of 538 acres, whereas only 338 acres were sold. Held, that the owner and purchaser were bound for the full amount promised. The principle of *quantum meruit* was not in the case.

### 2.—Pleading and Evidence—Verdict—Too Small.

Where, under the pleading and evidence, the verdict should have been either for the defendant generally, or for double the amount for which it was, in fact, rendered in favor of plaintiff, the defendant can not complain that the verdict was not for a larger amount.

Appeal from the County Court of Liberty County. Tried below before Hon. T. C. Crane.

*H. E. Marshall,* for appellant.—A broker can not recover commissions for the sale of lands unless he complies strictly with the terms of the contract and completes the sale by finding a purchaser who takes the land on the terms agreed upon; and in this case Blair not having procured Mettler to purchase the 538 acres as agreed upon is not entitled on the sale of the 338 acres to the commission he, Blair, alleges was agreed upon for the 538 acre deal. O'Brien v. Gilliland, 4 Texas Civ. App., 44; Eidson v. Saxon, 30 S. W. Rep., 958; Owen v. Kuhn, 72 S. W. Rep., 432; Brackenridge v. Claridge, 91 Texas, 532.

In this case plaintiff having pleaded on a specific contract wherein Mettler was to pay $300 and Brunson $600 for a sale of 538 acres of land and the facts on which plaintiff relies having sustained that theory, and the jury having evidently passed upon those facts, there could only be a verdict for the amount sued for or a judgment for the defendants, and the verdict rendered, that is, against Brunson for $300 and against Mettler for $150 is not responsive to the issues raised by the pleadings and can not be sustained. Kesler v. Zimmerschitte, 1 Texas, 57; Ford v. Taggart, 4 Texas, 492; Hardy v. DeLeon, 5 Texas, 239; Tillman v. Brown, 64 Texas, 184; Neal v. Birdseye, 39 Texas, 605; Moore v. Moore, 67 Texas, 296; Dodd v. Gaines, 82 Texas, 432; Galveston, etc., Ry. Co. v. Howrin, 9 S. W. Rep., 661.

Verdict will not be sustained unless it can be reconciled to the pleadings and the evidence. Bedford v. Rayner Cattle Co., 13 Texas Civ. App., 623.

*Stevens & Pickett,* for appellee.—Where a tract of land is placed in a broker's hands to sell and he procures a purchaser who is ready and willing to take the land, and if after the parties are brought together a new agreement is made by which the purchaser and seller absolutely agree each to pay certain parts of a commission to the broker, for bringing them together, the respective liabilities of the seller and the pur-

chaser becomes fixed even though the purchaser does not buy all the land. Graves v. Bains, 78 Texas, 92; Hoefling v. Hambleton, 84 Texas. 519; Conklin v. Krakauer, 70 Texas, 729; Byrd v. Frost, 29 S. W. Rep., 46; Bogart v. McWilliams, 31 S. W. Rep., 434; Krain v. Turner, 21 Texas Civ. App., 422; Tinsley v. Dowell, 24 S. W. Rep., 929.

Where the verdict is for a less amount than the pleadings and evidence show the plaintiff to have been entitled to recover the defendant can not complain. Beatty v. Bulger, 66 S. W. Rep., 895.

GILL, CHIEF JUSTICE.—F. M. Blair brought this suit against C. C. Brunson and W. J. Mettler to recover of the former $600 and the latter $300 as agreed commissions for the sale of certain real estate. Both defendants interposed a general denial and certain special pleas which it is not necessary to mention in this connection.

A trial by jury resulted in a verdict and judgment for plaintiff for $300 against Brunson and $150 against Mettler. Both defendants have appealed.

In the light of the record the verdict justifies the following fact conclusions:

Brunson, who claimed to own 640 acres of land in one tract in Liberty County, placed it with Blair to sell for him upon the following terms: Brunson was to receive $15 per acre net for the land, Blair to find a cash purchaser within 40 days and his commissions or remuneration for his services was to be the difference between $15 per acre and the price per acre for which it should sell in excess of that sum. The owner was to pay out of his own funds $1.50 per acre, balance of purchase money due the State.

In pursuance of this agreement Blair offered the land to Mettler for $19.50 per acre cash. The offer was promptly accepted in writing and the cash placed in the bank subject to order upon tender of title. It was then discovered that there was a probable conflict between the 640 acre survey and an older survey to the extent of 102 acres and the State refused to patent the conflict. Mettler discovered that Blair was making a profit of $4.50 per acre so he refused to take less than 640 acres. Evidently wanting the land and wishing also to eliminate Blair and his rights under his contract with Brunson, the latter and Mettler agreed the one to sell and the other to purchase the 538 acres remaining after eliminating the conflict, the price to be $15 per acre cash. In disposition of Blair's rights Brunson agreed to pay him $600 and Mettler $300 and he agreed to accept these sums in satisfaction and discharge of his claim for his services. Thereafter Brunson and Mettler dealt directly with each other and when it came to the making of title it was found that there was some cloud upon Brunson's title and that he could lawfully convey only 338 acres. This he did and the transaction as between him and Mettler was thus ended. Both Brunson and Mettler refused to pay Blair on the ground that the 538 acre deal did not go through on account of failure of title as to a part.

Appellants assail the judgment upon the theory that appellee's petition does not support it because it shows that the sale of 538 acres, upon which was based the alleged promises sued on, was not consummated and he can not recover on a *quantum meruit* because the suit was

not brought in that form. In our opinion the objection is not sound. The petition sets up the facts and does not predicate the right to recover on the theory that the 538 acre sale was or was not to be consummated. Brunson employed Blair to sell 640 acres of land for $15 cash to him and as much more to Blair as he could get. There is much force in the proposition that when Blair went to the trouble to find Mettler and induced him to deposit $19.50 per acre subject to tender of title, that Brunson was responsible to Blair for the sum thus earned if he, Brunson, refused to consummate the sale or failed for any reason to do so. When, therefore, Brunson and Mettler were brought together and it was found that Brunson could not make title to the acreage first contracted for, Blair was not without his rights as against Brunson whether the sale was consummated or not. (Brackenridge v. Claridge, 91 Texas, 534.)

This claim of course stood between the purchaser and seller as to the sale of a less number of acres of the same land. In order to deal on a $15 basis Mettler had ample inducement to pay Blair the $300 he promised and the consideration was equally great for the promise of Brunson to pay $600. The consideration for these two promises was not the sale of the 538 acres. That transaction was directly between Brunson and Mettler. It is clear that the question of a *quantum meruit* recovery is not in the case. The case is not one of a futile effort to sell on the part of the agent. He contracted to find a cash purchaser within a specified time. This he did, and the transaction as originally planned failed, through no fault or dereliction on his part, but because of infirmity in Brunson's title. This view of the facts renders it unnecessary for us to dispose in detail of the various assignments addressed to the merits, or to discuss and distinguish the authorities cited by appellant as bearing upon them.

The verdict is assailed on the ground that it is inconsistent with any tenable theory of the facts, because under the pleading and the facts the verdict could consistently be only in favor of defendants generally or for the full amount claimed under the contracts sued on. This is true, but the fact that the jury found for the plaintiff on the issue of liability and then awarded only half of the contract stipulation is error of which the appellee alone can complain. The case was by consent given to the jury without a charge. This perhaps accounts for the "Sancho-Panza" verdict they returned, but the fact remains that they found for plaintiff and the sum awarded is less than he was entitled to if the finding on the issue of liability is right.

None of the assignments are well taken. The judgment is therefore affirmed.

*Affirmed.*