St. Louis, San Francisco & Texas Railway Company v. W. W. Nance.

Decided March 2, 1907.

**1.—Charge—Practice.**

Ordinarily a case will not be reversed for the giving of a charge at the request of the defendant when the plaintiff recovers.

**2.—Verdict—Joint Negligence.**

In a suit for personal injuries against two defendants the court charged the jury in effect that if they found both defendants guilty of negligence to return a verdict against both defendants. The jury found for plaintiff against both defendants but assessed one-half the verdict against each defendant. Held, that one of the defendants could not complain that the verdict against it was for one-half instead of the full amount of the damages.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for appellant, St. L. S. F. & T. Ry. Co.

*Capps & Canty* and *Hanger & Short,* for appellant, Northern Texas Traction Co.

*R. E. L. Roy, R. L. Carlock* and *McLean & Scott,* for appellee.

Speer, Associate Justice.—The appellee Nance sued the appellants to recover damages for personal injuries sustained by himself in a collision between a freight train and a street car belonging to the respective appellants. The collision in which appellee received his injuries occurred at a crossing in North Fort Worth on February 1, 1905, and is the same collision out of which arose the suits of Knowles, Caldwell, Andrews, Collins and Dill, which cases have heretofore been disposed of by us. The trial resulted in a verdict and judgment in appellee's favor against each of the appellants in the sum of $1,500.

Every question of law raised by appellant the St. Louis, San Francisco & Texas Railway Company has been decided adversely to its contention in the cases above referred to, and we are content to adopt the conclusions therein announced upon the issues now presented.

The greater number of appellant Northern Texas Traction Company's assignments are also controlled by our conclusions in those cases. But we may add here that its complaint to the effect that its rights were prejudiced by the giving of special charges two and ten, requested by its codefendant, and paragraph six of the court's main charge, is without merit for the all-sufficient reason that in each of such charges the jury was instructed that if they found the facts to be as therein specified to return a verdict for the defendant St. Louis, San Francisco & Texas Railway Company, whereas they made no such finding, as evidenced by their verdict against that company. The charges therefore could not have misled the jury to the Traction Company's prejudice.

It is next complained that the following paragraph of the court's

charge was error in that it required of the Traction Company the absolute duty of seeing that its track was clear: "If you find from the evidence that the defendant Traction Company did stop, look and listen before crossing the railway track and were not guilty of negligence in not sending a man ahead to ascertain whether a train was approaching then the plaintiff can not recover as against the defendant Traction Company." Ordinarily a case will not be reversed for the giving of a charge for the defendant when the plaintiff recovers. International & G. N. R. R. Co. v. Brice, 16 Texas Ct. Rep., 1005. Besides, the charge should not be construed to the effect contended for by appellant. Certainly under the issues in this case the Traction Company has no right to complain of this charge.

Another assignment challenges the verdict of the jury as being unauthorized by the charge of the court. The charge was to the effect that if both defendants were found to be negligent, then it would make no difference as to the degree of their respective negligence, but the verdict should be given against both, whereas the verdict actually rendered was in plaintiff's favor for the sum of "three thousand dollars. Fifteen hundred dollars against the defendant the St. Louis, San Francisco & Texas Railway Company and fifteen hundred dollars against the defendant the Northern Texas Traction Company." Obviously the Traction Company can not complain that the verdict against it was not for three thousand dollars rather than fifteen hundred dollars. The error being in its favor should not reverse the case. The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.