## Z. F. Samples v. E. B. Wever.

### Decided June 26, 1909.

**1.—Verdict—Construction—Certainty.**

In a suit upon a vendor's lien note the jury returned the following verdict: "We, the jury, find our verdict in favor of the plaintiff against the defendant for the amount of principal, interest and attorney's fees due on the note sued on, less the amount of forty-three dollars with interest on same, and the foreclosure of the vendor's lien on all the lands described in plaintiff's petition." Held, the plaintiff's petition might be looked to in aid of the verdict, and when so considered it was sufficiently definite to fix the amount due on the note.

**2.—School Land—Forfeiture for Nonresidence—Statute Construed.**

Under the provisions of the law of 1895, forfeitures of sales of school land for nonresidence were required to be evidenced by a formal declaration to that effect by the Commissioner of the General Land Office; until such action by the Commissioner, the original purchaser from the State or his vendee being in possession of the land, has such title as will constitute a consideration for a note given to him by a purchaser of the land who acquires possession of the land and the improvements thereon by reason of the purchase.

**3.—Same—Correction of Mistake.**

When the applicant to purchase additional school sections makes a mistake in describing the section of which he is an actual occupant, such mistake is not necessarily cause for forfeiture but might be corrected by the Commissioner of the General Land Office.

**4.—Promissory Note—Failure of Consideration—Pleading.**

Under a plea of a total failure of consideration a partial failure may be shown, but in case of partial failure it devolves on the defendant to furnish proof from which the extent of the failure might be determined.

Appeal from the District Court of Scurry County. Tried below before Hon. C. C. Higgins.

*A. C. Wilmeth* and *Stephens & Miller,* for appellant.

*Ed J. Hamner,* for appellee.—The verdict, when considered in the light of the pleadings and the charge of the court, is sufficiently specific to warrant the judgment rendered. Darden v. Mathews, 22 Texas, 320, in which Justice Roberts, delivering the opinion, upholds the following verdict: "We, the jury, find for the plaintiff judgment for the amount due on said note with legal interest on same, less the

sum of ·$51 and interest on same from January, 1856." Also Veck v. Holt, 71 Texas, 717; James v. Wilson, 7 Texas, 231-232, and authorities cited under note 34; Newcomb v. Walton, 41 Texas, 318; Pearce v. Bell, 21 Texas, 691.

The forfeiture clause of the Act of April 19, 1901, only applies to sales made after it took effect, and the provision of the law of 1895, requiring forfeitures of sales of school land for nonresidence to be declared by the Commissioner, was not repealed by the Act of April 19, 1901, as to sales made prior to said Act. Bates v. Bratton, 96 Texas, 280; O'Keefe v. McPherson, 61 S. W., 534.

The fact that an applicant for additional land by inadvertence stated in his application that he was an actual settler upon a wrong section, when in truth his home was upon another tract which he owned within a five-mile radius of the additional land, and he desired to make the purchase as such owner and resident, did not render his application invalid. Ratliff v. Terrell, 80 S. W., 600.

The court did not err in the fourth paragraph of the charge, for sections 102 and 97, having been previously sold by the State to Burke and Carruthers respectively, and said parties having conveyed their title to appellee, and the sale being in good standing and not having been canceled, the land was the subject of contract, and·appellee having conveyed the land under special warranty deed, appellant was only entitled to recover what it cost him to perfect the title. Cooper v. Singleton, 19 Texas, 264; Oury v. Saunders, 77 Texas, 281; McClelland v. Moore, 48 Texas, 360; Denson v. Love, 58 Texas, 471; Scott v. Slaughter, 80 S. W., 644; Finley v. Williams, 90 S. W., 1087; Johnson v. Blum, 66 S. W., 461.

Before a vendee can defeat the recovery of the purchase-money note of real estate upon the ground that the title has partially failed, he must tender the possession and deed and ask a rescission, for after he accepts the contract he then can only recover damages necessary to put him in the position where he would have been had there been no failure of title. Demaret v. Bennett, 29 Texas, 268; Nass v. Chadwick, 70 Texas, 157; Wilkerson v. Bacon, 79 S. W., 348; 29 Am. & Eng. Ency. of Law (2d ed.), p. 675, note 8; 24 Am. & Eng. Ency. of Law (2d ed.), p. 624.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee Wever against appellee Samples on a promissory note executed by Samples to Wever June 15, 1901, for one thousand dollars, payable twelve months after date with interest and attorney's fees, and to foreclose the vendor's lien on the following tracts of land situated in Scurry County, viz.: School land sections 97, 102 and 103, block 97, H. & T. C. Ry. Co. surveys. Appellant Samples defended upon two grounds: First, a total want of consideration in the note in that it had been obtained by false and fraudulent representations as to the title of two of the three sections of land for which the note and one thousand dollars in cash had been given; second, a subsequent agreement by the terms of which the original sale was canceled, a new deed made to section 103, and the note sued on to be returned to Samples for cancellation. The trial resulted in a judgment in appellee's favor

for eighteen hundred and forty dollars and twenty cents, with fore-closure of the vendor's lien on said three sections of land, and from this judgment Samples has appealed.

Several errors have been assigned, but in the view we have taken of the case we think they may be disposed of in a general way. The following facts seem to be undisputed: Said section 103 was duly sold by the State to appellee as an actual settler August 28, 1899, which sale was in good standing at the time of appellee's conveyance of the section to appellant on June 15, 1901. Section 97 was duly sold by the State to one J. N. Burke as an actual settler on August 28, 1899, at one and one-half dollars per acre. Some time in July, 1900, Burke negotiated a sale of section 97 to appellee and abandoned the section, making formal conveyance thereof to appellee on the 1st day of January, 1901. Section 102 was awarded to one Carruthers by the Commissioner of the General Land Office, who purchased or purported to purchase as an actual settler upon school land section 88 as his home section. Carruthers at the time, however, was an actual settler upon section 112 in the same block, instead of upon section 88, it not appearing that Carruthers ever abandoned his actual settlement upon section 112, nor how it happened that in making his application for the purchase of section 102 he stated his actual occupancy as being upon section 88 instead of 112. At a date and in manner not clearly shown Carruthers sold section 102 to appellee, and appellee's application to purchase 102 as additional to his home section 103 appears to have been rejected by the Commissioner of the General Land Office, possibly because his application was not accompanied by a written transfer from Carruthers. In the condition of title thus stated, on June 15, 1901, appellee Wever conveyed all three of said sections, 97, 102 and 103, to appellant, appellant giving therefor one thousand dollars in cash and executing the note sued upon in this case, which reserved the vendor's lien upon the land.

The evidence is conflicting on the issue of whether at the time of this sale appellee represented that he had good title to all of the sections named. But however this was, soon thereafter it was learned that section 97 was subject to forfeiture because of Burke's said abandonment, and section 102 subject to forfeiture because of Carruthers' want of actual settlement on said section 88, and appellant went to appellee complaining of such defect of title, and appellee, so appellant testifies but which appellee denied, agreed to adjust the matter by making a separate conveyance to appellant of section 103, of which appellant was then an actual occupant, having received possession at the time of the original sale, and to return the note sued on, he (appellee) to retain the cash paid. The facts show that in fact appellee then made a quitclaim deed separately conveying to appellant section 103 for the recited consideration of seven hundred dollars. Appellee testifies, however, that he did not read the deed, and in effect that it was executed for appellant's convenience, and not in rescission of the original sale. At all events, the original awards to section 97 and section 102 were later forfeited by the Commissioner of the General Land Office, and the lands re-awarded to appellant upon his application upon the original terms as additional to his home section, No. 103.

The court submitted the issue of the alleged subsequent agreement by the terms of which the note sued upon was to be returned to appellant, and instructed the jury in event of a finding in appellant's favor on that issue to find for him. No complaint is made of the charge in this respect, but the court further charged that if the award of section 97 to Burke was not canceled until November 11, 1901, after appellee's sale to appellant, that appellee had such title at the time of the original sale as was the subject of contract, and that if at the time of the award of 102 to Carruthers he resided upon and occupied section No. 112 as a home, and that the award of section No. 102 had not been canceled by the State until March, 1902, appellee had such right to section 102 at the date he sold the same to appellant as was the subject of contract. These general instructions, which are assigned as error, were followed by a further instruction to the effect that if the jury found that, at the date of appellee's conveyance to appellant, appellee had such title to sections 102 and 97 as were subject to contract, and that appellant later purchased these sections upon the same terms upon which they were originally sold to Burke and Carruthers respectively, then the verdict should be for appellee for the amount of the note sued on, principal, interest and attorney's fees, "less the amount of money which the defendant Samples paid to procure the repurchase of said land, and such other expenses, if any, shown by the evidence which were reasonable and necessary to procure the title to said land."

The verdict is objected to as too indefinite to warrant the judgment, "in that it fails to fix the amount due on the note sued on, and in that it fails to fix the amount to be deducted from the amount found due on the note." The verdict, in so far as necessary to notice, is as follows: "We, the jury, find our verdict in favor of the plaintiff against the defendant Samples for the amount of principal, interest and attorney's fees due on the note sued on, less the amount of forty-three dollars with interest on same, and the foreclosure of the vendor's lien on all the lands described in plaintiff's petition." We fail to find reversible error in the respect here pointed out. The appellee's petition fully set forth the note with its date, principal amount, rate of interest, rate of attorney's fees, etc., which can be looked to in aid of the jury's verdict, and when so considered certainly was sufficiently definite to fix the amount due on the note. See Darden v. Mathews, 22 Texas, 320; Veck v. Holt, 71 Texas, 715; James v. Wilson, 7 Texas, 231; Newcomb v. Walton, 41 Texas, 318; Pearce v. Bell, 21 Texas, 688. If in any event there was error in respect to the forty-three dollars allowed appellant, it is certainly harmless from the fact, as appears from a mathematical calculation made by us, that the forty-three dollars was deducted from the principal of the note, which consequently carried interest from its date, and therefore more favorable to appellant than he had a right to demand.

The second and third assignments, however, are more serious, and for convenience will here be stated together: "Second assignment of error.—The court erred in the second paragraph of the charge in instructing the jury that, because no forfeiture had been declared, 'E. B. Wever at the time of the sale to Samples had such title to said section

No. 97 as was a subject of contract.'" "Third assignment of error.— The court erred in the third paragraph of the charge in instructing the jury, with reference to section 102, because no forfeiture had been declared, 'that the plaintiff had such title in section 102 at the date that he sold same to defendant Samples as was subject to contract.'" The contentions are that the charges quoted in the assignments injected false issues in the case and were misleading, it being insisted that when Burke ceased to reside upon and improve section 97, which he did before the sale to appellant, such abandonment worked a forfeiture of his purchase without action on the part of the Commissioner of the General Land Office under the Act of April 19, 1901, and that the purchase by Carruthers was void *ab initio,* and that hence as to these two sections there was a total failure of consideration under the decisions of Lamb v. James, 87 Texas, 485; Rayner Cattle Co. v. Bedford, 91 Texas, 642; Williams v. Finley, 99 Texas, 468, and other cases. These decisions undoubtedly support the proposition that a sale of public lands, the title to which is in the State, will not constitute a consideration for the promise to pay therefor by a vendee of another without title, but it is to be observed here that section 97 was sold to J. N. Burke on February 27, 1900, and section 102 was awarded to Carruthers in June, 1898. The forfeiture clause of the Act of April 19, 1901, therefore, contrary to appellant's contention, did not apply, but instead the law of 1895, which required forfeitures of sales of school land for nonresidence to be declared by the Commissioner. See Bates v. Bratton, 96 Texas, 280; O'Keefe v. McPherson, 25 Texas Civ. App., 313; Bumpass v. McLendon, 45 Texas Civ. App., 519. The title, therefore, to section 97 at the time of appellee's sale to appellant, was not in the State—at least not in the State in the sense that it was on the market and subject to purchase by any other person. The statute authorized a sale by Burke, he being the actual occupant and the sale to him being in good standing. Appellee, therefore, to whom Burke conveyed, having received possession from Burke, as the evidence tends to show, took such title as would support an action against a mere trespasser, even though cause for forfeiture existed. See Dowding v Ditmore, 26 Texas Civ. App., 606.

Appellee's right, if any, to section 102 under his purchase from Carruthers may not appear to be so good. The evidence tends to show, however, that under his purchase from Carruthers, to which appellee testified without objection, appellee took possession together with some improvements thereon, and if the recitation in Carruthers' application to purchase section 102, that he was an actual occupant of section 88, was a mistake, as appellee insists, then it can hardly be said that the sale to Carruthers was absolutely void. In such event, Carruthers being an actual occupant of section 112, the mistake might have been rectified by the Commissioner of the General Land Office. (Ratliff v. Terrell, 97 Texas, 522.)

But whatever else may be said, it seems to us that we must at least impute to the verdict of the jury in appellee's favor a finding to the effect that, by virtue of appellee's possession of and title to, such as it was, sections 97 and 102, appellant likewise received possession of these sections and had the same awarded to him as additional to section 103,

to which appellant undoubtedly received title from appellee. Indeed, we fail to see how, under the undisputed evidence, it can be said that the consideration of the note sued upon wholly failed. As before stated, it is undisputed that appellee's conveyance to appellant to section 103 was good. By virtue thereof he received possession and was placed in position which enabled him as an actual occupant of section 103 to acquire perfect title to sections 97 and 102. The verdict of the jury establishes the fact that appellee made no new agreement; that he did not agree to return the note sued upon, and it is perfectly clear that, to the extent at least of the value of section 103, the failure of consideration pleaded · was not well taken. It is true that under a plea of a total failure of consideration a partial failure may be shown, but appellant neither pleaded nor offered proof of the relative values of sections 97, 102 and 103. If it was conceded that appellee had no title to either section 97 or section 102, or both, we would be at a loss to determine to what extent, if at all, appellant should be allowed an abatement on the note in controversy. For aught that appears in either pleadings or facts, as established by the verdict of the jury, section 103 with the improvements thereon, which appellant undoubtedly received, may in value have equaled all that appellant ever agreed to give for the whole. It is true that appellant testified that in the new agreement section 103 was valued at seven hundred dollars, but this was denied by appellee, and the verdict of the jury is in his favor. So that, as before stated, in the condition of the pleading and proof and in view of the undisputed evidence we fail to see how we can afford appellant any relief. We conclude that the judgment must be affirmed.

*Affirmed.*

Writ of error refused.