McCAULLEY v. FARMERS' & MERCHANTS' STATE BANK & TRUST CO. (No. 8117.)

(Court of Civil Appeals of Texas. Ft. Worth. March 6, 1915. Rehearing Denied April 10, 1915.)

1. JUDGMENT ⬅253 — AMOUNT — PETITION— AD DAMNUM CLAUSE.

Though the amount stated in the ad damnum clause is less, judgment may be rendered for the amount due, calculated according to the terms of the notes sued on, fully described in the petition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. ⬅253.]

2. BILLS AND NOTES ⬅534—PROVISION FOR ATTORNEY—ALLOWANCE.

The full amount of attorneys' fees stipulated in notes sued on may in the absence of plea and proof of its unreasonableness, and therefore on default, be included in the judgment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. ⬅534.]

Error from District Court, Nolan County; W. W. Beall, Judge.

Action by the Farmers' & Merchants' State Bank & Trust Company against R. L. McCaulley. Judgment for plaintiff, and defendant brings error. Affirmed.

H. R. Bondies, of Sweetwater, for plaintiff in error. E. J. Hamner, of Sweetwater, for defendant in error.

DUNKLIN, J. R. L. McCaulley has prosecuted this writ of error from a judgment by default rendered against him in favor of the Farmers' & Merchants' State Bank & Trust Company. The suit was upon two promissory notes, and the amount of the judgment was $7,234.67, which included principal, interest, and attorneys' fees. In plaintiff's petition, after setting out the notes, and after alleging the failure of the defendant to pay the same, the ad damnum clause reads as follows: "To plaintiff's damage in the sum of seven thousand dollars."

[1] Plaintiff in error insists that the amount of the judgment should have been limited to the amount stated in the clause

quoted, and that the judgment is therefore excessive.

The petition sets out a full description of the notes upon which the suit was based, including dates, principal sums, rate of interest, and stipulations for attorneys' fees, and the amount for which the judgment was rendered was the amount shown to be due upon the notes by actual calculation according to their reading and tenor. It is well settled by the authorities that the real amount in controversy is to be determined by the amount shown to be due under the facts well pleaded, and that the ad damnum clause in the petition is not controlling, and under those authorities the assignment now under discussion is overruled. See P. & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Ainsa v. Moses, 100 S. W. 791; Times Pub. Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 808.

[2] By another assignment it is insisted that the court erred in rendering judgment for the attorneys' fees provided for in the notes, because the stipulations for attorneys' fees were contracts of indemnity, and plaintiff did not allege that it had paid or become liable therefor. The petition contained the following allegation:

"That plaintiff had placed said notes in the hands of its attorney, to wit, A. B. Yantis, for collection, and has agreed with him to pay to him 10 per cent. attorneys' fees provided for in said notes, which it says is a reasonable charge for such service."

In Lanier v. Jones, 104 Tex. 247, 136 S. W. 255, and also in First Nat. Bank of Eagle Lake v. Robinson, 104 Tex. 166, 135 S. W. 372, it was expressly held by our Supreme Court that, in the absence of a plea and proof that the attorney's fee provided for in a promissory note is unreasonable, the court is authorized to enter judgment for the full sum of attorneys' fees stipulated in the note. Instead of contesting the reasonableness of the attorneys' fees provided for in the notes in the present suit, the plaintiff in error confessed the truth of the allegations quoted above by suffering a judgment against him by default, and clearly he is in no position to complain here that the court erred in giving judgment for such attorneys' fees.

For the reasons noted, the judgment is affirmed.