FARMERS' & MERCHANTS' STATE BANK OF LELIA LAKE v. GUFFEY et al.*

(No. 2084.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 28, 1923. Rehearing Denied Nov. 7, 1923.)

1. Appeal and error ⬅➡1119—Appellate court without jurisdiction to dispose of issue affecting one not party to writ of error.

The appellate court is without jurisdiction to dispose of an issue affecting a party not before the appellate court, by reason of failure to make it a party to the proceeding for writ of error.

2. Appeal and error ⬅➡877(3)—Failure to make one party to proceeding for writ of error deemed an acquiescence in judgment as to that party.

Failure of plaintiff in error to make another a party to the proceeding for writ of error, must be deemed an acquiescence in that part of the judgment rendered as to such party.

3. Banks and banking ⬅➡154(9)—Whether deposits were individual property of depositor or of partnership composed of depositor and cashier held for jury.

Where plaintiff and defendant bank's codefendant cashier were partners in a certain

enterprise, whether plaintiff's various deposits with defendant bank were his individual property, as alleged, and not that of the partnership, and hence whether defendant's application of them to an account other than plaintiff's was a misappropriation, held for the jury, which could allow the whole or the half of each item found for plaintiff.

4. Banks and banking ⬅➡154(5)—Evidence ⬅➡84—Face value of note was prima facie its value, which jury could consider, notwithstanding prayer for recovery was based on price for which note sold.

In an action against a bank and its cashier for wrongfully crediting a note of $1,325, deposited by plaintiff, held, that the amount of the note was prima facie its value, which the jury could consider, notwithstanding the prayer was based on a price for which plaintiff alleged the note was sold by the bank's cashier.

5. Appeal and error ⬅➡1033(9)—That verdict is not reconcilable with any tenable theory does not show injury, where evidence would support larger recovery.

That a verdict against defendant cannot be reconciled with any tenable theory does not show injury to defendant, where the evidence would support a larger recovery.

6. Pleading ⬅➡228—Bank sued with cashier could not, by exception, raise issue that it was not bound by cashier's acts while accepting individual deposits from customer who was a partner of cashier.

Where the individual defendant was acting as cashier for defendant bank in the apparent scope of his employment and not as agent for the partnership firm, composed of himself and plaintiff depositor, when the cashier accepted plaintiff's individual deposits, there was no apparent inconsistency of duty, and the bank could not, by special exception, raise the issue that it was not bound by the cashier's acts.

7. Appeal and error ⬅➡499(4)—Objection to charge, not presented to or passed on by trial court, not considered on appeal.

Objection to a charge will not be considered on appeal, where the record does not show the objection to the charge was presented to, or passed on, by the trial court.

8. Appeal and error ⬅➡216(1)—Objection to failure to give certain charge will not be considered on appeal, in absence of request to give prepared charge.

Objection to a failure to give a certain charge will not be considered on appeal, where the party complaining failed to submit an instruction not covered by the main charge.

9. Appeal and error ⬅➡527(1)—Failure to have judge mark issues "Refused," and to officially sign indorsement, precludes consideration of them on appeal.

Failure to have a judge mark special issues "Refused" and officially sign the indorsement as required by Rev. St. art. 1974, precludes a consideration of them on appeal.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 2, 1924.

**10. Appeal and error ⬅══500(1)—Record must disclose whether exception was sustained or overruled.**

Where the record does not show whether the trial court sustained or overruled defendant's exception, no question is presented for review.

**11. Appeal and error ⬅══1040(9)—Sustaining exception to answer not harmful, if answer was amended in accordance with court's ruling.**

If the trial court erroneously sustained plaintiff's verbal exceptions to defendant's answer, no injury was done defendant if its pleading was amended in accordance with the court's ruling.

**12. Appeal and error ⬅══877(3)—Error alleged with reference to part of answer asserting cross-action against one not a party to writ of error not considered on appeal.**

Where a paragraph of defendant's answer consisted of a cross-action against a corporation over which the appellate court had no jurisdiction by reason of its not being made a party to the writ of error, the appellate court will not consider defendant's exception to a ruling sustaining plaintiff's verbal exception to that paragraph, or an alleged error for refusal to allow an amendment to that paragraph.

**13. Appeal and error ⬅══742(1)—Proposition not followed by statement, argument, or authority is abandoned.**

A proposition not followed by any statement, argument, or authority will be regarded as abandoned.

**14. Appeal and error ⬅══231(3)—Overruling objection to whole of evidence, part of which was admissible, not reviewable.**

Where an objection goes to the whole evidence, but a part thereof is not subject to that objection, the overruling of the objection will not be reviewed, since it is the duty of the objector to separate the objectionable matter.

**15. Appeal and error ⬅══1050(1)—Admitting declarations of bank officer that depositor was "skinned" held not reversible error; objection being general, and fact being otherwise in evidence.**

In an action by a depositor against a bank and its former cashier, to recover money alleged to have been misappropriated, admitting in evidence over general objection of declarations of defendant's officers that defendant's officials knew plaintiff had been "skinned," but that they would let plaintiff sue them and get judgment, and the bank could recover against an insurance company, held not reversible error, where, in the absence of objection to the evidence that the officers had no authority to make the statements, such declarations were competent, and where the same facts were previously testified to by a stockholder and former president without objection.

**16. Appeal and error ⬅══1031(1)—Appellate court will not presume injury from abstract statement of proposition.**

The appellate court will not presume an injury from an abstract statement of a proposition, in the absence of a showing of injury.

**17. Accord and satisfaction ⬅══26(3)—Evidence held not to conclusively show accord and satisfaction.**

Evidence *held* not to conclusively show that plaintiff depositor accepted from defendant's cashier a note of $1,000 in settlement of plaintiff's claim against the bank for misappropriation of funds.

Error from District Court, Donley County; Henry S. Bishop, Judge.

Action by Roy Guffey against the Farmers' & Merchants' State Bank of Lelia Lake and another, in which the named defendant asserted a cross-action against the National Surety Company of New York, which cross-action the circuit court dismissed. Judgment against defendants, and defendant named brings error, joining as defendants in error Roy Guffey and L. A. Byrd. Affirmed.

R. H. Beville, of Clarendon, and Veale & Lumpkin, of Amarillo, for plaintiff in error.

Cole & Simpson, of Clarendon, and Umphres & Miller, of Amarillo, for defendants in error.

KLETT, J. Defendant in error Roy Guffey sued the Farmers' & Merchants' State Bank of Lelia Lake, Tex., and its former cashier, L. A. Byrd, the plaintiff below, alleging that from May 21, 1920, to October 1, 1920, he was a customer of said bank and that during the period mentioned defendants named, without plaintiff's authority, knowledge, or consent, misappropriated and misapplied plaintiff's deposits and wrongfully charged his account with said bank to the extent of $4,033.50. He also alleged that at the same time he was a partner with the defendant Byrd, and that the partnership was conducted under the firm name of Farm Power Implement Company. It was averred that all of the plaintiff's transactions were with the defendant Byrd as the duly authorized and acting cashier of the bank, and that all the deposits and credits referred to were the individual property of the plaintiff. Briefly stated, the wrongs complained of are charged to have occurred on different dates in the following form and manner: On May 21, 1920, $500, charged to plaintiff's account and credited to the account of the partnership by defendant Byrd, under the pretense of a loan; October 1, 1920, $200, charged against plaintiff and appropriated by one or the other of the defendants; September 4, 1920, $100, charged against plaintiff's account and credited to defendant Byrd's account; May 1, 1920, $1,000 cash, deposited by plaintiff, to whom deposit slip was issued but credited to account of the partnership instead of plaintiff; September 21, 1920, two items, a check of $975, deposited by plaintiff but cashed by defendant Byrd through another bank, without giving plaintiff credit,

---

and a note of $1,325, left at the bank by plaintiff but discounted through another bank without giving plaintiff credit, the proceeds of the two items having been credited to the account of the partnership. Plaintiff further alleges in his petition that defendants have actually had and received said sums of money; that they are indebted to him; and that they refuse to pay his checks or account to him. He denies in his petition that he has received any benefit from the acts alleged.

Defendant bank's answer contains general and special exceptions, general denial, special pleas of estoppel and accord and satisfaction, and cross-action against the National Surety Company of New York, alleged to be surety on an indemnity bond executed to protect the defendant bank against liability for acts of defendant Byrd as cashier.

The plaintiff, as well as the surety company, filed a plea of misjoinder, which was sustained by dismissing the cross-action against the surety company. The trial of the case before a jury resulted in a judgment for plaintiff against both defendants for $1,-500. The record is here for review by writ of error filed by the bank. Roy Guffey and L. A. Byrd are made defendants in error, and the supersedeas bond is payable to them only. The surety company was not made a party in the petition for writ of error, and there is no showing that it has appeared, or been cited to appear, or accepted or waived service of citation, in this proceeding.

[1, 2] The first proposition this court is asked to consider is the one based on the action of the trial court in dismissing the bank's cross-action against the surety company. We are of the opinion that this court is without jurisdiction to dispose of an issue affecting a party not before it. The failure of plaintiff in error to make the surety company a party to the proceeding for writ of error must be deemed an acquiescence in that part of the judgment rendered against the surety company. Weems v. Watson, 91 Tex. 35, 40 S. W. 722.

[3-5] The second proposition asserts that the verdict of $1,500 is not supported by pleadings and proof. The bank's contention is that the jury was bound to allow the whole or half of each item found for plaintiff, and that it could not find a verdict of $1,500 without acting arbitrarily. A careful consideration of the record requires us to overrule this contention. It is true that the plaintiff alleges that he and the bank cashier were partners, but he distinctly states that the deposits were his individual property. The issue was one for the jury. It could find in favor of the plaintiff for the whole of the two items of $500 and $1,000, and against plaintiff on the others, or it could find in favor of plaintiff for one-half of the items of $200, $500, $975, and $1,325, and in either event return a verdict of $1,500 for plaintiff. It is also true plaintiff alleges the $1,325 note was sold by defendant Byrd for $1,258.-50, but the amount of the note was prima facie its value (O'Neal v. Bush & Tillar, 108 Tex. 246, 173 S. W. 869, 177 S. W. 953, 191 S. W. 1134) and constituted the amount in controversy which the jury had the right to consider, notwithstanding the prayer was based on a price for which the note sold. McCaulley v. Bank (Tex. Civ. App.) 175 S. W. 728; Railway Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166; Railway Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294. Even though the verdict cannot be reconciled with any tenable theory, defendant fails to show he has been injured by the alleged error where the evidence is sufficient to support a larger recovery. Brunson v. Blair, 44 Tex. Civ. App. 43, 97 S. W. 337; Samples v. Wever, 56 Tex. Civ. App. 562, 121 S. W. 1129 (writ refused); Railway Co. v. Nance, 45 Tex. Civ. App. 394, 101 S. W. 294 (writ refused).

[6] The bank insists under its third proposition that it was not bound by the acts of its cashier while acting in the dual capacity of cashier for the bank and agent of the partnership firm, composed of plaintiff and the cashier. It cites a number of cases, including that of Amarillo National Bank v. Harrell (Tex. Civ. App.) 159 S. W. 858. The question presented is one of difficulty, ordinarily, but whether the abstract proposition announced is the correct statement of a rule without qualification is not presented for determination by this court. The bank undertook to raise the question under this proposition in three ways, viz. by special exception to plaintiff's petition, objection to charge of the court, and by request for submission of special issues. The special exceptions to the petition are not regarded as sufficient to raise the question, for the reason that the petition particularly avers that the deposits and credits in controversy were the plaintiff's individual property, and that, although some of the deposits were credited to the account of Farm Power Implement Company, others were credited to the account of defendant Byrd, and that plaintiff had received no benefits therefrom, but that both defendants refused to pay plaintiff or to account to him. If the petition be taken as true, for the purpose of considering the exceptions, defendant bank and its cashier, charged with receiving the plaintiff's individual funds, have misapplied same under one guise or another, and then refused to account to their creditor. It would not matter to what account the funds had been credited or transferred, or how the bank books had been kept or statements rendered, if the cash, checks, and notes belonged to plaintiff. The plaintiff's petition does not admit that the partner in the bank had any interest in the property or authority over it, but on the con-

trary negatives such fact; hence it is clear that, so far as the demurrers go, the defendant Byrd was acting as cashier for the bank in the apparent scope of his employment and not as agent for the partnership firm, composed of himself and plaintiff, when he accepted the plaintiff's individual deposits, and that there is no apparent inconsistency of duty under such circumstances.

[7-9] The bank objected to the charge because the court failed to instruct the jury on the law referred to. This objection cannot be considered for the reason, first, it does not appear from an examination of the record that the objection to the charge was presented to or passed on by the trial court. Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Railway Co. v. Houston, 111 Tex. 324, 234 S. W. 385; and, second, if the bank wished to submit an instruction not covered by the main charge, it should have requested a prepared one. O'Neal v. Bush & Tillar, supra. The special issues, which the bank says were refused, cannot be considered as excepted to under the statute, because the trial judge did not mark them "refused," and officially sign the indorsement, as required by article 1974, Rev. St. The judge's signature does not appear. Walker v. Hirsch Cooperage Co. (Tex. Com. App.) 236 S. W. 710.

[10, 11] The fourth proposition asserts that—

"In law, pleadings in the district court are required to be in writing, and it is error for a court to sustain plaintiff's verbal exceptions to certain portions of defendant's written answer."

Upon an examination of the assignments of error and bills of exception it is found that the first bill of exception complains of the action of the court with reference to a verbal exception, leveled at paragraphs 8 and 13 of defendants' answer. That part of the bill reflecting the action of the court on the verbal exception reads:

"Thereupon the court stated that he would ———— said exceptions to said paragraphs 8 and 13, but would allow the defendant bank's attorney to interline said paragraph in order to show that said settlement was made for the benefit of Byrd, as well as the bank and allow said defendant to verify said plea, which was thereafter done, and thereupon the attorney for the plaintiff objected verbally to the attorney for defendant bank reading paragraph 13 to said answer to the jury, because said paragraph did not in law constitute an estoppel, which verbal exceptions the court sustained and refused to allow defendant bank to read said paragraph 13 to the jury. To all of which action and ruling of the court the defendant in open court excepted and now tenders this bill of exception No. 1, and asks that the same be approved and ordered filed, and made a part of the record herein, which is accordingly done."

255 S.W.—30

From this record it does not appear whether the trial court sustained or overruled the exception, and for that reason there is no ruling to review. In fact, it seems that the pleading was amended by the bank in accordance with the ruling of the court, and hence no injury was done.

[12] Bill of exception No. 2 complains of the action of the trial court in sustaining plaintiff's verbal exception to paragraph 13 and in refusing to permit the bank to amend. Paragraph 13 of the defendant bank's answer consists of a cross-action against the surety company, and the action of the trial court in sustaining a verbal exception thereto cannot be considered, because, as already held, this court has no jurisdiction over the company.

The fifth proposition is predicated on the court's refusal to allow the defendant bank to amend paragraph 13, and is controlled by the foregoing ruling.

[13] The sixth proposition will be regarded as abandoned, as it is not followed by any statement, argument, or authority.

[14, 15] As disclosed by the seventh proposition, a rather dangerous proceeding was indulged in on the part of plaintiff's counsel in the manner of interrogating witnesses regarding the admissions claimed to have been made by J. M. Crews, president of the bank, and B. N. Smith, the cashier. The plaintiff was undertaking to introduce testimony to the effect that these officials had remarked in effect that they were convinced that plaintiff had been "skinned," but that they would let plaintiff sue and get judgment, and the bank could recover against the insurance company. Over the bank's objections, plaintiff and Crews testified that the statement was made by Smith, but Crews denied that he made such statement. The objections are that the testimony was irrelevant, immaterial, and highly prejudicial, by tending to show that the bank would lose nothing. Under the rules of evidence the court's judgment is that no reversible error has been shown. In the absence of any objection to the evidence on the ground that the officers mentioned had no authority to make the statement testified to, it seems that the declarations that the plaintiff had been "skinned" in his transactions with the bank would be competent as admissions against interest, because such officers in the discharge of their duties as managers of the bank are presumed to know the condition of the institution conducted by them. Booker-Jones Oil Co. v. National Refining Co., 63 Tex. Civ. App. 142, 131 S. W. 623, 132 S. W. 815; Gerlach Co. v. Anderson Co. (Tex. Civ. App.) 189 S. W. 784. Hence part of the evidence was admissible. Where an objection goes to the whole evidence of argument, and a part thereof is not subject to the objection, the action of the court in overruling the objection

will not be reviewed, as it is the duty of the objector and not of the court to separate the objectionable matter from the unobjectionable. La Grone v. Railway Co. (Tex. Civ. App.) 189 S. W. 99 (writ refused); Railway Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894. Besides, it appears that the same facts were introduced in evidence without objection when E. L. Kennedy, stockholder and first president of the bank, testified as follows:

"It is true Crews said to Guffey and I in that confectionery, 'We are going to get Byrd out of that bank, and I would like for you,' speaking to me, 'to take the job of running it, and we are convinced that Mr. Guffey has been skinned, and we will help him get his money because we can recover from the bonding company.'"

See Amarillo Life Insurance Co. v. Brown (Tex. Civ. App.) 166 S. W. 658.

[16] Under the eighth proposition the bank asserts that it was error for the court to submit plaintiff's action against the defendant, together, in that such charge would confuse and mislead the jury, but the bank has not shown how the charge would have such effect. In the absence of any showing that an injury has occurred, the appellate court cannot presume one from an abstract statement of a proposition.

The ninth proposition is predicated on the failure of the court's charge to submit affirmatively each of the defendant's defenses. As already found, the charge of the court was not excepted to in the manner required by statute, and hence rulings thereon cannot be passed on by the appellate court. This ruling adversely disposes of the tenth proposition, complaining of the court's charge.

[17] The plaintiff in error submits in the eleventh proposition that it is entitled to judgment on the grounds that the defense of accord and satisfaction was established, in that the evidence shows that plaintiff accepted a note of $1,000, executed by defendant Byrd, in settlement of the controversy, and that plaintiff indorsed said note and hypothecated same with the Farmers' & Merchants' State Bank of Childress, Tex. In this connection, it seems that the officers of the Childress bank were also officers of the Lelia Lake Bank. Without undertaking to detail the testimony or express an opinion on the weight thereof, it is sufficient to say that there is controverting evidence that the note was left at the Lelia Lake Bank with the understanding that it was to constitute a settlement in the event the bank at Childress would receive the note and give plaintiff credit for same amount on his indebtedness to the Childress bank. This theory was corroborated by Miss Roxie Mace, who worked in the Lelia Lake Bank and heard the conversation. In some way it seems the note was taken by one of the defendants to the Childress bank but used as collateral instead of being credited, and never returned to the plaintiff. Hence, it is not permissible to say, in view of the conflicting evidence, that the record shows settlement.

The defendant Byrd has adopted the bank's brief and asks for substantially the same relief. His assignments are likewise overruled.

Affirmed.