### JOHNSON et al. v. SHREWSBURY.
### (No. 9012.)

Court of Civil Appeals of Texas. Galveston. June 28, 1927.

Rehearing Denied Sept. 20, 1927.

1. **Bills and notes** ☞489(3)—**Proof of partial failure of consideration for note is available though defendants plead total failure.**

That defendants in action on note pleaded a total failure of consideration did not preclude them from availing themselves of proof tending to show only partial failure.

2. **Bills and notes** ☞537(3)—**Defendants in action on note were entitled to trial where evidence raised issue of partial failure of consideration.**

Where in action on note testimony raised issue relative to consideration for agreement of plaintiff to organize and turn over a sales force to defendant, which evidence showed had only been partially performed, defendants were entitled to trial.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by R. P. Shrewsbury against H. W. Johnson, D. E. Kirkland, and others. Judgment for plaintiff, and defendants, with exception of the one last named, appeal. Reversed and remanded.

H. Rob. Keeble and Adams & Perkins, all of Houston, for appellants.

☞For other cases see same topic and KEY—NUMBER in all Key-Numbered Digests and Indexes

S. O. Lovejoy and C. M. Alderson, both of Houston, for appellee.

GRAVES, J. This statement in appellants' brief is conceded to be substantially correct:

"Appellee sued Herman W. Johnson, Earl W. Thoma, R. F. Kachtick, D. E. Kirkland, and the Wear-Ever Clothing Manufacturing Company, a corporation, and pleaded that all of the above-named individuals were stockholders in the corporation; that upon the organization of the corporation it was agreed that he, the plaintiff, should receive $1,500 worth of stock therein, but that said stock was never issued to him; that after the organization of the corporation, on or about the 12th day of January, 1925, Earl W. Thoma, H. W. Johnson, R. F. Kachtick, and D. E. Kirkland agreed to purchase the $1,500 worth of stock from plaintiff, and to pay him for same at par value within 30 days after the delivery of the stock certificate; that thereafter these individuals, being in control of the corporation, refused to issue the stock to the plaintiff; that their promise to pay the $1,500 to the plaintiff was evidenced by a certain promissory note signed by them as individuals, wherein they agreed to pay the plaintiff the sum of $1,500, 30 days after date of the note, the note providing that the stock assignment was to be attached to it when presented for payment. The plaintiff prayed for a judgment against the Wear-Ever Clothing Manufacturing Company in the sum of $1,500 for his actual damages on account of the failure to issue such stock, and for the sum of $3,000 punitive damages against it.

"In the alternative, he prayed for a judgment against Earl W. Thoma, H. W. Johnson, R. F. Kachtick, and D. E. Kirkland, on the note for $1,500, with interest, attorneys' fees, and costs of suit.

"Defendants joined issue with the plaintiff, wherein, in addition to the general demurrer, special exceptions, and a general denial, they pleaded specially that at the time of the execution of the note for $1,500 the defendants and the plaintiff had entered into an oral agreement substantially as follows: That the plaintiff agreed and bound himself to organize a sales force in the states of Texas, Louisiana, and Oklahoma, for the use and benefit of the Wear-Ever Clothing Manufacturing Company, and that for such services the corporation was to issue him its capital stock in the sum of $1,500. That the individual defendants further agreed with the plaintiff that they would purchase from him this stock, amounting to $1,500, at par value at the end of 30 days, should the plaintiff wish to sell same and sever his connections with the company. That it was understood and agreed by and between all parties that the stock was not to be issued to the plaintiff until he had organized the sales force, and that such services were the consideration for which the stock was to be issued. The defendants further alleged that the plaintiff wholly failed to organize the sales force as he had agreed, and that for this reason the stock was never issued to him; that because the stock had never been issued to the plaintiff, he was unable to deliver same to the signers of the note. The defendants pleaded specifically that no consideration

had moved; to them for the execution and delivery of the note and that the consideration for it had wholly failed, in that plaintiff had wholly failed and refused to organize the sales force, as he had agreed to do.

"After both plaintiff and defendants had closed their evidence and rested, the court, over the objections of the defendants, peremptorily instructed the jury to find for the plaintiff in the following language: 'Gentlemen of the jury, the undisputed proof in this case shows that the consideration for the note upon which this suit has been brought has not totally failed, and your verdict will have to be for the plaintiff.'

"In pursuance of this instruction, the jury returned the following verdict into court: 'We, the jury, find for the plaintiff for the amount of $1,230.20, with interest thereon at the rate of 8 per cent. per annum from February 12, 1925, and 10 per cent. on said amount, both principal and interest, as attorney fees.'

"The court rendered a judgment in favor of the plaintiff against the defendants H. W. Johnson, Earl Thoma, R. F. Kachtick, and D. E. Kirkland, collectively and individually, in the sum of $1,506.50, with interest thereon at 8 per cent. per annum, and for all costs of suit."

The defendants in this judgment below, other than D. E. Kirkland, have duly prosecuted their appeal; two of their propositions for a reversal at the hands of this court are:

"The court erred in withdrawing this case from the jury by giving a peremptory charge to the jury to find for the appellee, when there was an issue of fact raised by the pleading and the evidence as to what was the real consideration for the execution of the note sued upon. * * *

"The court erred in peremptorily instructing the jury to find for the appellee against the appellants on the ground that the consideration for the note upon which the suit had been brought had not totally failed, when there was evidence tending to prove that the consideration had at least partially failed."

[1] The contention thus embodied must be sustained; both the pleadings and evidence clearly raised the issue of at least a partial failure of consideration for the note sued upon. The peremptory instruction was given by the learned trial judge upon the view that, since appellants had only pleaded a total failure, they could not avail themselves of proof tending to show only a partial one, but from an early day our Supreme Court has held otherwise. Mercer v. Hall, 2 Tex. 284; Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264; Heyer v. F. Y. Doke & Son (Tex. Civ. App.) 130 S. W. 1026; Samples v. Wever, 56 Tex. Civ. App. 562, 121 S. W. 1129 (error refused); Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047.

Supporting their stated pleadings to the same general purport, appellants presented testimony to this effect: Coincident with the organization of the clothing company, it was verbally agreed between them and the appellee that he would be given $1,500 of its stock in consideration of his organizing and turning over to it a sales force for the prosecution of its business in the states of Texas, Louisiana, Oklahoma, and other states. Some months later, on January 12, 1925, that agreement not then having been complied with by the appellee, except to the extent of his having turned over to the company from 6 to 10 salesmen in the state of Texas only, it was additionally agreed between the parties that he was to have 30 days' more time within which to comply, and appellants thereupon executed and delivered to him the $1,500 note involved, also in turn upon their part agreeing that, should he in the meantime complete his prior undertaking as to the sales force and want to then sell such stock, they would at the expiration of 30 days pay him the note, which was for the same amount as the stock, it being expressly stipulated that the shares of stock should pass back to them with the note when paid. That the appellee never at any time carried out any part of his agreement to provide the sales force, other than furnishing the 6 to 10 men in Texas, and, in consequence, they refused either to issue the stock or pay the note.

[2] This testimony plainly raised the issue as to whether or not the real consideration, primarily for the obligation to issue and deliver the stock, and secondarily for the promise to pay the note, was the agreement upon appellee's part to organize and turn over the specified sales force; this the undisputed evidence showed had only been in part performed. The appellants, therefore, were entitled to a trial upon these matters.

It is no answer to reply, as appellee's brief does, either that appellants stated in the application for the charter that his stock had been already paid for, or that his compliance with his contract to furnish the sales force was prevented by their breach of an obligation they assumed of extending him a cash advance of $40 per week; as between all these parties, it was mutually understood that the stock had not been paid for prior to incorporation, and the weekly cash-advance understanding had reference to a distinctly different contract between them—a written one of January 12, 1925, granting to the appellee the exclusive sales right for the clothing company in the state of Arizona and El Paso county, Tex.

For the error in giving the peremptory instruction, the judgment has been reversed and the cause remanded for another trial.

Reversed and remanded.