LAKE COMO LAND AND IMPROVEMENT COMPANY
v. T. A. COUGHLIN.
No. 1547.

**Evidence—Declarations of Agent—Garnishment.—**Declarations of an agent that his principal would be indebted to W., a contractor, upon the completion of certain buildings, are not competent evidence of such indebtedness in a garnishment proceeding, where it appears that such declarations were not made in the discharge of the agent's duties, nor while acting within the scope of his agency, and where the terms of the written contract between the principal and W. attach conditions to the accrual of the indebtedness.

APPEAL from the County Court of Tarrant.    Tried below before Hon. ROBERT G. JOHNSON.

*Wynne, McCart & Booty,* for appellant.—The admissions of an agent, unless shown to be in the line and limits of his agency, and made while performing the work of his agency, are not admissible against his principal.  1 Greenl. on Ev., secs. 113, 114; Machinery Co. v Peter & Sherrill, 84 Texas, 631.

*Ross & Terrell,* for appellee.—The question of agency is one of fact; when facts therefore prove the employment of the agent by the principal, then the admissions of the agent, made in the line and limits of his agency, and while performing the work of his agency, are admissible against the principal, and corporations are bound by the admissions of its agents in the same manner as individuals.    1 Greenl. on Ev., sec. 113; Story on Agency, secs. 134, 137; Tuttle v. Turner, 28 Texas, 771; Angel & Ames on Corp., secs. 292, 304–311, 315; Henderson v. Railway, 17 Texas, 574.

TARLTON, CHIEF JUSTICE.—For the purpose of disposing of this appeal, this cause may be thus stated, with substantial accuracy:

Appellee, as a judgment creditor of J. P. Ward, caused the issuance and service of a writ of garnishment upon appellant, on an alleged indebtedness by it to Ward.

It appears that the appellant was a corporation engaged in the business of building houses at Arlington Heights, near Fort Worth, Texas. It had under construction two houses, for the building of which it had entered into a written agreement with J. P. Ward, as contractor.    By provisions of this agreement, these houses were to be constructed under the supervision of certain named architects.    According to the thirteenth article of the agreement, payments were to be made upon estimates by the architects, " eighty per cent of costs of amount of the work done in equitable installments during the progress of the work, and the balance at completion and acceptance of the entire work by the architects."

Under these circumstances, to establish indebtedness by the appellant to Ward, the appellee relied upon testimony showing, (1) that

W. C. Winthrop was the agent of appellant, and (2) upon certain declarations or admissions made by Winthrop, as showing the existence of the indebtedness claimed.

The verdict of the jury imports a finding that Winthrop was the agent of the appellant. If so, however, we hold that the scope of such agency must be measured by the terms of the contract referred to. The agency, the character of which is to be determined, with regard to the business in which appellant was engaged, must be referred to the building of houses, and the manner of accomplishing this purpose was defined in the articles of agreement. Consequently, Winthrop's agency was subordinate to the terms of that instrument.

The declarations relied upon to show indebtedness by the appellant to Ward, as shown by the bill of exceptions, were to the effect, that some six weeks before the completion of the buildings, and before the suing out of the writ of garnishment, the appellee went to W. C. Winthrop, and "told Winthrop that J. P. Ward was indebted to him, the plaintiff, in the sum of $123, and asked Winthrop if he could assist plaintiff in any way to collect said sum of money; and that Winthrop thereupon told plaintiff that there would be a balance due Ward for the completion of the houses which Ward was then building for defendant, and that, if plaintiff would sue out a writ of garnishment and have it served on defendant, it would pay the debt of $123 claimed by Coughlin against Ward."

The rule is, that to render the declarations of an agent admissible, it must appear that they were made in the discharge of the agent's duties, or within the scope of his powers. Railway v. Sherwood, 84 Texas, 136; Railway v. Ragsdale, 67 Texas, 27.

These powers include the usual modes and means of accomplishing the business of the agency. Story on Agency, sec. 85, cited in Miller v. McDonald, 1 Posey's U. C., 262,

If we interpret the statement that there would be a balance due Ward after the completion of the houses as an admission of existing indebtedness, though it is strongly suggestive of conjecture, or opinion, or forecast, the declaration was beyond the scope of Winthrop's agency, measured by the character of the business with which he was charged, and by the terms of the contract by which he was necessarily guided in the discharge of his duties. He was in no sense contributing to the purpose of his agency by such action or such an admission. It was clearly not competent to prove indebtedness in this manner.

The appellant not only objected to this testimony at the time it was offered, but requested an instruction that the jury should disregard it. Its action was justifiable in each instance.

As we are unable to say that the error of the court was harmless, and that without it the verdict of the jury would have been the same, we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 9, 1895.