CASE 43—ACTION TO RECOVER COMPENSATION FOR MEDICAL SERVICES
RENDERED TO DEFENDANT'S SERVANT—OCT. 31.

# Godshaw v. J. N. Struck & Bro.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   AFFIRMED.

MASTER AND SERVANT—AUTHORITY TO EMPLOY SURGEON FOR INJURED
SERVANT.

Held:   The employment of a surgeon for an injured employe is not
within the scope of the duties of a foreman employed by a con-
tractor to superintend workmen engaged in constructing a build-
ing, and such employment does not render the master liable for
the surgeon's bill.

KOHN, BAIRD & SPINDLE AND SAMUEL A. LEDERMAN, ATTOR-
NEYS FOR APPELLANT.

1. A foreman of a corporation having charge of a gang of laborers
employed in the construction of a building, when one of the la-
borers in the performance of his duties has been dangerously
and seriously injured, requiring immediate medical attention to
save life or limb, and he being the superior agent of the cor-
poration on the ground at the time, and no officer of the corpo-
ration being on the spot, has implied authority to procure a phy-
sician's services for his co-employe and render the company lia-
ble for reasonable charges for such services.   When an employe
is disabled in the discharge of hazardous duties it is a sufficient
consideration to support a promise to pay for medical attention
made by a foreman of a corporation so as to bind his employer.
L., N. & C. R. R. Co. v. Smith, 22 N. E., p. 775; R. R. Co. v.
Brown, 107 Ind., p. 306; The Terre Haute &c. R. R. Co. v. Mc-
Murray, 98 Ind., pp. 358, 359; dissenting opinion by Judge Cooley,
Marquette & R. R. Co. v. Taft, 28 Mich., p. 362; Toledo I. & L.
K. C. R. R. Co. v. Mylott, 33 N. E., p. 135; Union Pac. R. R. Co.
v. Winterbotham, 34 Pac. Rep., p. 1052.

2. This case should have been submitted to the jury under proper in-
structions for the jury to determine whether the foreman's con-
tract of employment with appellant was ratified by the appellees.
Pac. R. R. Co. v. Thomas, 19 Kan., 256; Toledo R. R. Co., v.
Rodrigues, 47 Ill., 188; Toledo R. R. Co. v. Prince, 50 Ill., 26;
A. & P. R. R. Co. v. Reisner, 18 Kan., 458.

BYRON BACON and H. N. NETTLEROTH, Attorneys for appellee.

(No briefs in record.)

Opinion of the court by JUDGE BURNAM—Affirming.

This was an action by appellant against appellee to re-
cover for his services as a physician rendered to a servant
of appellee, who was injured while in their employ, at the
instance of another of their employes. The facts, briefly
stated, are as follows: The appellees, J. N. Struck & Bro.,
are a private corporation, doing business as carpenters and
builders. The appellant, C. C. Godshaw, was at the time
of the institution of this suit a practicing physician. In
August, 1894, the appellees were engaged in doing the
woodwork, by contract with Finzer Bros., upon a building
which was being erected for them under the supervision
of an architect in the employ of the Finzers. A man named
Raidt was the foreman of the carpenters in the employ of
appellees in doing the woodwork on this building, and his
duties as foreman were to superintend the workmen, and
see that the carpenters' work was done in accordance with
the plans and specifications. He was not an officer or
stockholder in the corporation, but was simply employed
to boss appellee's part of the job in erecting the building.

Jacob Hoertz, a brick contractor, was doing brickwork
upon the same building upon the upper part of the wall,
and a brick was knocked off of the scaffold, and fell to the
first floor, striking a man named Martin Schnarvel, who
was in the employ of appellee, on the top of the head, and
inflicting a very dangerous and severe wound, which ren-
dered him temporarily unconscious. Thereupon Raidt, ap-
pellee's foreman, directed another of appellee's employe's
to call in the nearest physician, who got appellant, and up-
on his arrival at the building Raidt directed him to take

charge of the case, and give Schnarvel every attention, and that J. N. Struck & Bro. would pay for it.

It also appears that Raidt called at the house of Schnarvel, and told his wife that appellant would be in charge of the case, and give her husband every attention that he required, and that J. N. Struck & Bro. would pay his bill.

After this employment appellant took charge of the case, and treated Schnarvel for several months, and this action is to recover $300, the alleged value of his services. No question is raised as to the seriousness of the injury to Schnarvel, or of the necessity of immediate medical attention.

It is contended for appellant that the act of Raidt, the foreman of appellee, in employing appellant, rendered them liable to pay the account sued on, as he acted in an emergency which required immediate medical skill to save the life of appellee's employes. There is no testimony that Raidt had authority from appellees to employ appellant on behalf of the company or of J. N. Struck, or that he was authorized to represent either of them in any capacity, except as foreman of the gang of laborers employed in doing the woodwork on the Finzer building. There is a marked distinction between the power and authority of a general and special agent to bind his principal. A general agent is usually authorized to do all acts connected with the business or employment in which he is engaged, while a special agent is only authorized to do specific acts in pursuance of particular instructions, or with restrictions necessarily implied from the act to be done, but, in either case, if the agent exceeds the authority conferred, his acts will not bind the principal.

Third parties dealing with an agent are put upon their

guard by the very fact, and do so at their own risk. They can not rely upon the agent's assumption of authority, but are regarded as dealing with the power before them, and they must, at their peril, observe that the act done by the agent is legally identical with the act authorized by the power. See Am. & Eng. Enc. Law, 986, and authorities there cited.

Appellant admits this general rule of law, but insists that it does not apply in cases of emergency, which require the immediate procuring of medical skill to save human life or prevent great bodily injury, and, to support this contention, refers us to a number of cases decided by courts of other States, which relate to the employment of a surgeon by some officer of a railroad to administer to an injured employe or passenger in certain cases, by reason of special circumstances, namely: In the case of Railroad Co. v. Smith (Ind. Sup.) 22 N. E., 775, a brakeman in the employ of the railroad company was seriously injured while engaged in the discharge of his duties, and the conductor employed a surgeon to take charge of and treat the unfortunate. The court held that, in a case of an emergency of this kind, the conductor, although an agent inferior to the general superintendent, had the power to employ surgical aid, basing its decision upon various cases of the kind in other States.

In the case of Railroad Co. v. McMurry, 98 Ind., 358, a brakeman was injured while in the discharge of his duties, and the plaintiff was requested to take charge of the case by the conductor. The court in passing upon his claim, used the following language: "In ordinary cases, the conductor or other subordinate agent has no authority to employ surgical assistance for a servant of the corporation who received injuries or became ill. We do not doubt that the general rule is that a conductor has no authority to

Godshaw v. J. N. Struck & Bro.

make contracts with surgeons, and, if this principle govern-
ed all cases, the discussion is at an end; but we do not
think that it does rule every case, for there may be cases
so strongly marked as to constitute a class within them-
selves, and be governed by a different rule. An emergency
may arise which will require the corporation to act instant-
ly, and if the conductor is the only agent, and the emerg-
ency is urgent, he must act for the corporation, and, if he
acts at all, his acts are of just as much force as those of
the highest officers of the corporation."

Our attention has been called to other cases in which
the same principle contended for has been applied in the
case of railroads, but the distinction between the liability
of a railroad corporation and other manufacturing and pri-
vate corporations for services of the character sued for
here and the reasons therefor are very forcibly stated in
Chaplin v. Freeland, 7 Ind. App., 678, 679, (34 N. E., 1007).
In this case the court said: "Railroad companies occupy a
peculiar position with reference to such matters. Exercis-
ing *quasi* public functions, clothed with extraordinary priv-
ileges, carrying their employes necessarily to places remote
from their home, subjecting them to unusual hazards and
dangers, the law has, by reason of the dictates of humanity
and the necessities of the occasion, imposed upon such com-
panies the duty of providing for the immediate and essen-
tial needs of the injured employes, when there is a pressing
emergency, calling for their immediate action. In such
cases, even subordinate officers are sometimes, for the time
being, clothed with the powers of the corporation itself for
the purposes of immediate emergency, and no longer."

It is also a matter of common knowledge that railroad
companies habitually and regularly employ surgeons and

physicians in connection with the conduct of their roads. But we have been referred to no cases where it has been held to be within the duties of the manager of a factory for either an individual or corporation to employ physicians or surgeons for employes. We are not, therefore, prepared to hold as a matter of law that the employment of physicians or surgeons for injured employes comes within the scope of the duties of a general manager of an ordinary manufacturing business. It seems to us that the rule that appellant seeks to have applied to this case is confined exclusively to railroad companies, and, generally, in cases which involve some act of negligence on the part of the company which occasioned the injury.

Appellant has cited several cases where it was sought to hold manufacturing companies liable on the same principle, but in each of these cases the employment of the surgeon was made by the general business manager of the company, or the general superintendent of the company, and we think that the present case can not be brought within the rule laid down in any of these cases. In the first place, the services sued for were not confined to the immediate emergency, but lasted during a period of several months. Appellees in the meantime resided in the same city, and only a short distance from where appellant lived, and it would have been very easy for him to have inquired as to the alleged authority of their foreman, Raidt, to act for them. Usually an injured employe procures and pays for his own doctor, and if his employer can be made liable for his injuries he recovers this sum, with other damages. In this case no necessity is shown why appellee should have selected the physician to treat the injured man during the long period of his confinement,

as it does not appear that he lacked friends or relatives who were both willing and able to do so for him.

It is also contended that, even if it be conceded that, under the testimony in this case, appellee's foreman did an unauthorized act which was not binding upon his employers, there is sufficient evidence in the record, tending to ratify the act of the foreman, to have entitled the appellant to have the question of ratification submitted to the jury. There is no testimony to show that appellee ever knew or heard of the alleged employment of appellant by Raidt, and it consequently follows that there can be no question of ratification of such act. But, even if it be conceded that they did know of such employment, we are of the opinion that the conversations between the witness Hoertz and Struck clearly rebut any idea of such ratification. We therefore conclude that appellees were primarily under no legal obligation to secure medical attention for Schnarvel, and that their foreman had no authority, express or implied, to make any contract in reference thereto which would be binding upon them, and that if he made such a contract there was never any ratification thereof by appellees, so as to make them liable for the account sued on. For reasons indicated, the judgment is affirmed.