## BOOKER-JONES OIL COMPANY v. NATIONAL REFINING COMPANY.

### Decided October 12, November 30, 1910.

**1.—Evidence—Written Instrument—Carbon Copy.**

A carbon copy of a letter is not the best evidence of its contents nor admissible as an original.

**2.—Same—Harmless Error.**

The admission of a carbon copy instead of the original of a letter is not necessarily ground for reversal, where there is other evidence sufficient to support the judgment.

**3.—Evidence—Agency—Admission by General Manager.**

The admission by the general manager of defendant corporation (an oil company) of the justice of an account against the company was receivable in evidence against it, being an act within the scope of his agency, though he was not such manager when the debt was incurred and did not speak from personal knowledge of the transaction.

#### ON MOTION FOR REHEARING AND TO CERTIFY QUESTION.

**4.—Agency—Cases Distinguished.**

The cases of Lake Como Co. v. Coughlin, 9 Texas Civ. App., 340, and North Am. Ac. Ins. Co. v. Frazier, 112 S. W., 812, distinguished from the rulings herein as to the authority of the general manager of a corporation to admit the justice of a debt against it, and held not so in conflict as to require the certifying of the question to the Supreme Court as one involving conflict of rulings.

Appeal from the County Court of Tom Green County. Tried below before Hon. Milton Mays.

*Brown & Simmons,* for appellant.—The original instrument was the best evidence of its contents. Olive v. Hester, 63 Texas, 190; Rosenthal-M. Co. v. Middlebrook, 63 Texas, 336; Railway Co. v. Leggett, 44 Texas Civ. App., 296; Railway Co. v. Mays, 44 Texas Civ. App., 31; Railway Co. v. Cauble, 41 Texas Civ. App., 348; Walker v. Dickey, 44 Texas Civ. App., 110; Merryweather v. Quincy, 107 S. W., 434.

*Brown & Bartholomew,* for appellee.—The declarations made by an officer or agent of a corporation, in response to timely inquiries properly addressed to him, and relating to matters in his charge in respect to which he is authorized in the usual course of business to give information, may be given in evidence against the corporation. Laredo E. L. & M. Co. v. U. S. E. L. Co., 26 S. W., 312; Consolidated K. C. S. & R. Co. v. Gonzales, 50 Texas Civ. App., 79; City of Austin v. Nuchols, 43 Texas Civ. App., 5; Cooper Grocer Co. v. Britton, 74 S. W., 91; Standifer v. Aultman & Taylor, 34 Texas Civ. App., 160; First National Bank v. Stewart, 114 U. S., 229; C. B. & Q. R. R. Co. v. Coleman, 18 Ill., 287, 68 Am. Dec., 544; Northrup v. M. V. Ins. Co., 47 Mo., 435, 4 Am. Rep., 337; Adams Exp. Co. v. Harris, 120 Ind., 73; Sewanee Mining Co. v. McMahon, 38 Tenn. (1 Head), 582.

JENKINS, ASSOCIATE JUSTICE.—This suit was brought by the ap-

pellee against the appellant in the County Court of Tom Green County, to recover the sum of $378.67, alleged to be due on account, for oil sold by appellee to appellant. The case was tried before the court without a jury, and judgment was rendered for appellee for the amount sued for, with interest.

1. Appellant assigns error on the admission of the testimony of L. G. Bryson as to the contents of a carbon copy of letter written by its former manager F. G. Jones, ordering oil of appellee of the quantity and quality sued for, the objection being that such testimony was not the best evidence of the contents of said letter. This objection should have been sustained. The letter was the best evidence of its contents. Houston & T. C. Ry. Co. v. Washington, 60 Texas Civ. App., 391, 127 S. W., 1127. This error, however, does not demand a reversal of this case, inasmuch as the evidence *aliunde* is sufficient to sustain the judgment of the court.

2. Appellant assigns error on the admission of the testimony that said Bryson admitted that the account sued on was just, due and unpaid. The account was placed in the hands of Messrs. Brown & Bartholomew for collection, of which fact Bryson, who was at said time the general manager of appellant, an incorporation, was notified. Brown and Bartholomew were each permitted to testify, over objection of appellant, that Bryson called on them in reference to said account and told them that the account was just, due and unpaid, but that appellant was financially embarrassed and could not pay the debt at that time. It is made to appear that Bryson was not the manager of appellant at the time said oil was alleged to have been sold to appellant, and could have had no personal knowledge of the transaction. Appellant's objection to this testimony is that it is hearsay. We do not think the objection is tenable. The declaration of the general manager of a corporation in response to direct and pertinent inquiries in respect to an alleged debt, that said debt is just and unpaid, is the declaration of the corporation itself, and is admissible as such. The general agent of a corporation, within the limits of his authority, is virtually the corporation itself. 10 Cyc., 924. The corporation is presumed to know whether or not it owes a certain debt, and its admission of said indebtedness is not hearsay, it matters not how it learned said fact. The general manager must be presumed, in the absence of evidence to the contrary, to have had authority to pay debts, it matters not by which of the incorporation's servants such debts were incurred; and, as incident to such authority, he is authorized to admit or deny the justness of an account against the corporation when presented to him for payment. Laredo Elec. Light Co. v. U. S. Elec. Light Co., 26 S. W., 312; City of Austin v. Nuchols, 42 Texas Civ. App., 5, 94 S. W., 337-342; Standifer v. Aultman & Taylor, 34 Texas Civ. App., 160, 78 S. W., 552; Xenia Bank v. Stewart, 114 U. S., 229, 29 L. Ed., 103; Chicago, B. & Q. Ry. Co. v. Coleman, 18 Ill., 297, 68 Am. Dec., 544; Adams Express Co. v. Harris, 120 Ind., 77, 21 N. E., 341; Sewanee Min. Co. v. McMahon, 38 Tenn., 582.

3. The other assignments of error relate to the sufficiency of the evidence. The evidence sustains the judgment. Finding no reversible error in the record, the judgment of the lower court is affirmed.

ON MOTION TO RECONSIDER JUDGMENT OVERRULING MOTION FOR REHEARING, AND TO CERTIFY QUESTION.

On a former day of the present term of this court we affirmed the judgment of the trial court in this case; subsequently the appellant filed a motion for rehearing, and that we certify this case to the Supreme Court. These motions were by us overruled. Appellant has filed a motion to reconsider our action on its former motion and to grant a rehearing and certify this case to the Supreme Court. The motion is based upon the proposition that our opinion herein is in conflict with the opinion of the Court of Civil Appeals for the Second District in the case of Lake Como Company v. Coughlin, 9 Texas Civ. App., 340, 29 S. W., 185; and also with the opinion of the Court of Civil Appeals of the Sixth District in the case of North Am. Ac. Ins. Co. v. Frazier, 112 S. W., 812-14. If there be such conflict it is our duty to certify to the Supreme Court of this State the question in conflict for its decision thereon. Acts 26th Leg., p. 170; McCurdy v. Daniels, 95 Texas, 246. But if there be no such conflict we ought not to so certify this case; especially as by so doing, on account of the congested condition of the docket of the Supreme Court, such certification would amount to a delay in the final decision of this case of perhaps twelve months. Parties to a case are entitled to as speedy a termination of the suit as the law and the circumstances will permit.

Is there a conflict between our opinion in this case and the cases cited by appellant? We think not. Those cases simply announce the well established rule of law that, in order for a principal to be bound by the acts of an agent, the authority of such agent to so bind the principal must be shown. An agent is not an agent, except within the scope of his appointment as such; and, consequently, the act of an agent beyond the scope of his authority is not an act of agency at all. Applying these well settled principles of law to the cases cited by appellant, we find that in the case in 9 Texas Civ. App., supra, the court held that the act of Winthrop in stating that the appellant would owe a contractor a certain amount when he finished building two certain houses, was not binding on appellant, because it affirmatively appeared from the written instrument creating his agency that Winthrop had no authority to speak for appellant on this matter. The court says: "The scope of such agency must be measured by the terms of the contract referred to"; and, construing said contract, as it was its duty to do, the court said: "The agency . . . must be referred to the building of houses. . . . The declaration was beyond the scope of Winthrop's agency, measured by the character of the business with which he was charged, and by the terms of the contract by which he was necessarily guided in the discharge of his duties."

In Insurance Co. v. Frazier, supra, one Harrell had taken the application of the insured for the policy upon which recovery was sought. The trial court permitted the declarations of Harrell affecting the company's liability, made after the death of the insured, to be put in evidence. It does not appear that he had any connection with any attempted settlement of the claim, or that he in any wise represented the company as to such settlement. On the contrary, the court says: "The only evidence as to the extent of his authority was that he acted for plaintiff in error as its local soliciting agent." For anyone with the slightest knowledge of the insurance business, it needs no citation of authority to show that proof that one is a local soliciting agent for an insurance company raises no presumption that he is authorized, after the policy has been issued and the loss incurred, to bind the company by any declaration in reference to the company's liability.

But how stands the case at bar? Of course, in this, as in every case, the agency must be shown, and it must be made to appear by him who asserts such agency that the declarations offered in evidence were within the scope of such agent's authority. That was done in this case by proof that Bryson was the "General Manager" of appellant. The undisputed evidence shows that appellant, a corporation, was engaged in the business of buying and selling oil in San Angelo, and that Bryson was its "general manager." No effort was made to prove any limitation of his authority. In the absence of such proof, what does the term "general manager" imply?

"The term general manager of a corporation, according to the ordinary meaning of the term, indicates one who has general direction and control of the affairs of the corporation." Louisville E. & St. L. Ry. Co. v. McVay, 98 Ind., 398, 49 Am. Rep., 770. "A general manager of a business corporation is a person having general charge of those business matters for the carrying on of which the corporation was incorporated." Washington Gas L. Co. v. Lansden, 172 U. S., 534, 43 L. Ed., 549. "The general manager of a corporation is the person who has the most general control over the affairs of the corporation, and who has knowledge of all of its business." R. E. Lee Silver Mining Co. v. Omaha & G. Smelting & R. Co., 16 Colo., 118, 26 Pac., 327; Kansas City v. Cullinan, 65 Kan., 68, 68 Pac., 1102. "The term 'general manager' is synonymous with general agent. A general agent is virtually the corporation itself." Atlantic & P. R. Co. v. Reisner, 18 Kan., 460. "A general agent is one who is employed to transact every business of a particular kind" (i. e. in this case the oil business). Gibson v. Snow Hdw. Co., 94 Ala., 352, 10 So., 307; Edwards v. Home Ins. Co., 100 Mo. App., 695, 73 S. W., 885; Lobdell v. Baker, 42 Mass. (1 Met.), 202, 35 Am. Dec., 358; Baldwin v. Tucker, 112 Ky., 282, 65 S. W., 842, 57 L. R. A., 451; South Bend Toy Mfg. Co. v. Insurance Co., 3 S. D., 205, 52 N. W., 867; Sawin v. Union Bldg. & S. Assn., 95 Iowa, 477, 64 N. W., 403; Robinson v. Insurance Co., 128 Ala., 477, 30 So., 666; British and Am. Mortgage Co. v. Cody, 135 Ala., 622, 33 So., 834;

Pacific Biscuit Co. v. Dugger, 40 Ore., 302, 67 Pac., 32; Scott v. McGrath, 7 Barb. (N. Y.), 55⁺; Union Stock Yard & T. Co.. v. Mallory, 157 Ill., 554, 41 N. E., 891; DeTurk v. Mortez, 180 Pa., 347, 36 Atl., 863. "A general agent is usually authorized to do all acts connected with the business in which he is engaged." Godshow v. Struck & Bro., 109 Ky., 285, 58 S. W., 781; 51 L. R. A., 698.

In the case of Railway Co. v. McVay, *supra*, the court said: "There is no direct evidence of such authority (to pay for nursing a railway employe) having been delegated to the general manager of the corporation; so there is no direct evidence what his duties were, from which his authority might be inferred. Can we presume from the title 'general manager' that the duties and powers of the general manager were sufficiently comprehensive to include contracts for the nursing of a person wounded on appellee's road?" After a full discussion of the matter, the court answers this question in the affirmative. In Mortgage Co. v. Cody, *supra*, the court said: "The powers of a general agent are *prima facie* coextensive with the business entrusted to his care."

Believing as we do that the legal question involved in this case is well settled, and that there is no conflict between the opinion of this court in this case and that of any other of the appellate courts of this State in any other case, the motion to reconsider our judgment in overruling the motion for a rehearing herein, and to certify this case to the Supreme Court is overruled.

**Motion overruled.**                                          *Affirmed.*