## Charleston Electrical Supply Company v. Keyser Coal Company.

(Decided March 5, 1926.)

### Appeal from Pike Circuit Court.

1. Principal and Agent—Evidence Held to Show Plaintiff's Foreman to be Special Agent Having no Authority to Fix Cost of Repairs.—Evidence held to show that plaintiff's foreman was only a special agent to determine whether defendant's damaged engine should be repaired, and therefore had no authority to fix costs of repairs so as to bind plaintiff.

2. Partnership—Failure to Set Out Names of Partners of Defendant Firm is Ground Only for Dismissal of Action Without Prejudice (Ky. Stats., Sections 199b-1, 199b-5).—Failure of petition to set out names of partners composing the defendant firm, which names,

under Ky. Stats., sections 199b-1, 199b-5, are required to be filed of record, is ground only for dismissal of action without prejudice.

MOORE & CHILDERS for appellant.

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

By a fire in January, 1922, appellee had its engine and generator damaged, and on February 23rd wrote to appellant at Charleston, W. Va., informing it of the damage and saying: "We want Daddysman to come down and look it over and see what he can do for it." The Daddysman referred to was the foreman of appellant's electrical department, and appellee had previously had dealings with him as appellant's employee. Appellant by wire on the 24th of February notified appellee Daddysman would be there the next Monday, and on the 25th wrote a letter saying: "We are instructing Mr. Daddysman to carefully examine engine and generator, and to advise you if practical to rebuild the same. . . . If it is practical to rebuild the generator we will guarantee this work to be O. K."

Accordingly Daddysman went to appellee's place of business and advised them the engine and generator could be repaired so as to be serviceable, and they were each then shipped to appellant's plant at Charleston and there repaired.

This is an action by appellant for a balance of some $700.00 or more for this repair work over and above the $1,200.00 admitted to have been paid. The defense is that appellant agreed to do the repair work for not exceeding $1,200.00.

By agreement the case was transferred to the equity docket and after preparation the court entered a judgment dismissing the plaintiff's petition, and the plaintiff appeals.

The evidence for defendant showed that while Daddysman was at their plant he assured them that the repairs would not exceed $1,000.00, and guaranteed that it would not exceed $1,200.00, and they relied upon that as a contract with appellant through Daddysman, its authorized agent. While Daddysman in his evidence denies these statements, the reliance of appellant for a reversal is that Daddysman was not its agent for the purpose of

making any contract with reference to the cost of the repairs, but was merely its special agent for the specific purpose of advising appellee whether the damaged engine and generator could be profitably repaired.

The language of appellee's letter to appellant, and the language of appellant's letter in answer thereto is wholly inconsistent with any other purpose upon either side than that Daddysman was to go as an expert and advise appellee whether or not the damage to their engine and generator was such that it could be profitably repaired. He was not an officer of appellant company but merely its foreman, and not only the plaintiff's evidence shows that he had no authority to fix the cost of the repairs, but the correspondence in evidence discloses unmistakably that his mission had nothing to do with the cost of repairs.

In Baldwin v. Tucker, 112 Ky. 282, this court, in quoting from Mecham on Agency, said:

"A universal agent is one authorized to transact all of the business of his principal of every kind. A general agent is an agent who is empowered to transact all of the business of his principal of a particular kind or in a particular place. A special agent is one authorized to act only in a specific transaction."

Clearly, therefore, under any reasonable interpretation of the correspondence between the parties, Daddysman was only appellant's agent for the special purpose of determining for appellee's benefit whether or not the engine and generator might be repaired or rebuilt; and obviously it was not contemplated by either party that he was sent there to fix the cost of such repairs. Appellant had him as its foreman, and appellee knowing from previous experience with him that he was an expert about such matters, asked specifically that he be sent to "look it over and see what he can do for it." Being only a special agent, therefore, for a particular purpose it necessarily follows that he had no authority to bind appellant in fixing the cost of the repairs. Other authorities are Godshaw v. Struck, 109 Ky. 285, 21 R. C. L., page 853; 2 C. J., pages 428, 429; Dieckman v. Weirich, 24 Rep. 2340; Vanada v. Hopkins, 1 J. J. M. 287.

But it is said for appellee that the petition was properly dismissed because appellee is a partnership and the

names of the partners composing the firm are not disclosed in the pleadings or made defendants. That comes about in this way: Appellant sued appellee and alleged it was a corporation, and in the answer defendant denied it was a corporation, but did not disclose whether it was a partnership, and if so the members of it. Thereafter appellant filed an amendment withdrawing its allegation that defendant was a corporation and alleging that it was a partnership, but that plaintiff did not know who the members of the partnership were, and in fact no members of the partnership were ever made defendants in the action.

This could in no event be ground for anything more than a dismissal of the action without prejudice, but as the judgment of the court on the merits was erroneous for the other reason stated, we have deemed it consistent with the administration of justice to direct that upon a return of the case appellant may further amend its petition and make the members of the firm defendants.

Under the provisions of section 199b-1 of our statutes any person doing business in other than his real name is required to file in the county clerk's office a certificate setting forth the name under which said business is or is to be conducted, and the correct name or names of the person or persons owning and conducting the same; and under the provisions of subsection 5 of 199b a penalty is prescribed for such failure, and we therefore apprehend appellant will have no difficulty in learning the members of this firm.

The judgment is reversed, with directions to grant appellant a new trial, and for proceedings conforming to this opinion.