## R. H. SWARTZ CO. v. MINNESOTA MUT. LIFE INS. CO. (No. 8917.)

Court of Civil Appeals of Texas. Galveston. March 10, 1927.

Rehearing Denied April 7, 1927.

**I. Insurance ☞93—Insurance company held liable for office equipment purchased by general agent, notwithstanding he was unauthorized to make purchase.**

Insurance company *held* liable for purchase price of office equipment purchased by general agent, notwithstanding that agent was unauthorized to make such purchase under the terms of the contract of agency, since appointment of general agent carried with it all the powers and authority usual and necessary in carrying on business and accomplishing purpose of agency.

**2. Principal and agent ☞116(1), 119(1)—Agent's authority is presumed to be coextensive with business and will not be narrowed by limitations not communicated to those dealing with agent.**

Authority of an agent is presumed to be coextensive with business intrusted to his care, and includes authority to do all things necessary and proper in carrying on business in its usual manner, and such presumed or apparent authority will not be narrowed by limitations placed thereon which are not communicated to those dealing with agent.

**3. Principal and agent ☞93—General agent's implied powers extend to all things to effect purpose of agency.**

Implied powers of a general agent extend to the doing of all things incidental and proper in effecting purpose of his agency.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Suit by the R. H. Swartz Company against the Minnesota Mutual Life Insurance Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Cole, Cole & O'Connor and William L. Kemper, all of Houston, for appellant.

Boyles, Brown & Scott, Pat N. Fahey, and Gainer B. Jones, all of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee to re-

cover the sum of $113.75, the purchase price of office supplies sold and delivered by appellant to J. E. Wilson, general agent of the appellant at Houston, Tex. The appellee answered in the court below by general denial, and special denial of the authority of J. E. Wilson to purchase the supplies for appellee's account. Appellant pleaded, both express and implied authority in Wilson to make the purchase, and also pleaded that the appellee was estopped to deny the authority of Wilson to purchase the goods because such supplies were, with the knowledge and consent of appellee, used by Wilson in carrying on appellee's business as its general agent, and appellee, having received benefit from the use of the goods sold Wilson, has ratified their purchase by him and is now estopped to deny liability for their purchase price. The trial in the court below without a jury resulted in a judgment in favor of the defendant insurance company.

There is no material issue of fact in the case. The evidence shows that the goods, for the purchase price of which this suit was brought, were sold by appellant to J. E. Wilson, general agent for appellee, and charged to appellee's account. The goods were of a kind suitable and reasonably necessary for use in properly equipping the office in which Wilson, as appellee's general agent, conducted appellee's insurance business over a large territory, in which the city of Houston is situated.

Among other fact findings, the trial court made the following:

"That at the time of opening up the account sued on, the said J. E. Wilson appeared in person in the place of business of plaintiff herein, located in the city of Houston, Tex., and introduced himself to one R. E. Kreus, salesman for plaintiff company, as 'general agent' for defendant, Minnesota Mutual Life Insurance Company, and did on that occasion display to the said R. E. Kreus a business card upon which the said J. E. Wilson was described as 'general agent' for the Minnesota Mutual Life Insurance Company, defendant herein; that the said Minnesota Mutual Life Insurance Company had printed for the said J. E. Wilson and authorized him to use business cards and stationery upon which he was represented to be its 'general agent'; that the said Minnesota Mutual Life Insurance Company, by its contract with J. E. Wilson, which was in force at the time of the accrual of the account sued on, not only made J. E. Wilson its 'general agent,' but that it, the Minnesota Mutual Life Insurance Company, at all times during the accrual of the account sued on, held him, the said J. E. Wilson, out as such 'general agent.'"

"That at the time of opening up said account, and at no time until after said office supplies and filing cabinet were delivered as ordered, did plaintiff, R. H. Swartz Company, have any actual notice of any limitations on the authority of J. E. Wilson to act for and bind the Minnesota Mutual Life Insurance Com-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pany as its general agent, but that the first notice which plaintiff received of any limitations placed upon the authority of the said J. E. Wilson by the Minnesota Mutual Life Insurance Company to act for and bind it, the said Minnesota Mutual Life Insurance Company, was upon plaintiff's receipt of a letter purporting to come from the office of the vice president of said Minnesota Mutual Life Insurance Company, and which said letter bore the date November 24, 1924, and was received by plaintiff, R. H. Swartz Company, subsequent to the sale and delivery of the merchandise for the purchase price of which this suit was brought; that by provision No. 13 in the contract under which the said J. E. Wilson was made the general agent of the Minnesota Mutual Life Insurance Company, the agreement and all of its terms and conditions were to be considered strictly confidential and none of its terms and conditions were to be disclosed by either party to any person or persons."

The contract between Wilson and appellee, by which he was made its general agent in the territory before mentioned, contains the following provisions:

"That the company does hereby appoint the said J. E. Wilson as the general agent of the company for the purpose of personally and through subagents canvassing for applications for insurance, on the lives of persons resident in the territory hereinafter specified, who shall be satisfactory to the company; and for the purpose of collecting and paying over premiums on such insurance, when effected in person or through subagents, and of performing such other duties as may be required of the general agent by the company in connection therewith. * * * The said agent shall act exclusively for the Minnesota Mutual Life Insurance Company, and shall devote his entire time, talents and energies to the business of the agency. * * * Said general agent agrees that all books of accounts, documents, vouchers and other books or papers connected with the business of the company shall be the property of the company and at any and all times shall be open to any authorized representative of the company, and shall be freely exhibited for the purpose of examination and shall be immediately returned to the company upon request. * * *

"The company also agrees to pay the necessary expense for expressage on supplies, and to furnish said general agent such a supply of printed matter as may be deemed by it reasonably necessary to enable him to carry on business as general agent as aforesaid, but the company shall not be liable to pay any charges other than as herein stated, or as shall be hereafter specifically allowed in writing."

[1, 2] We cannot agree with the trial judge in the conclusion that the contract for the purchase of the goods by the general agent, Wilson, did not, under the facts of this case, render appellee liable to appellant for their purchase price. Under the terms of the contract between Wilson and appellee, he may not have been authorized to make such contract of purchase without the

written authority of appellee, but appellant is not bound by this restriction upon the authority of the agent of which it had no knowledge. The authority of an agent is presumed to be coextensive with the business intrusted to his care, and includes the authority to do all those things which are necessary and proper in carrying on the business in its usual manner and which the principal could and would usually do in similar circumstances, and this presumed or apparent authority of the agent will not be narrowed by limitations placed thereon by the principal which are not communicated to those dealing with the agent. Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co. (Tex. Com. App.) 235 S. W. 850; Crutchfield v. Insurance Co., 113 Ky. 53, 67 S. W. 67; Cuero Packing Co. v. Alamo Mfg. Co. (Tex. Civ. App.) 194 S. W. 494; Mechem on Agency, p. 704, § 980.

There is no issue raised by the evidence as to the kind or quantity of the goods purchased by the agent. The testimony offered by appellee shows that the goods were suitable for properly furnishing the agent's office. When appellee established a general agency for its business in Southwest Texas, at Houston, and appointed Wilson as its general agent in such territory, his appointment carried with it all of the powers and authority usual and necessary in carrying on the business and accomplishing the purpose of the agency. The office established by Wilson to conduct this business of appellee's was its office, and Wilson, as found by the trial court and shown by the undisputed evidence, was advertised and held out by the appellee as its general agent.

[3] It seems clear to us that upon these facts Wilson must be held to have been authorized to purchase the proper and usual furnishings and supplies required to properly equip the office for the conduct therein of appellee's business. The implied powers of a general agent extend to the doing of all things incidental and proper in effecting the purpose of his agency. In the case of Hartford Ins. Co. v. Hayden's Adm'r, 90 Ky. 39, 13 S. W. 585, the rule as to the implied authority of a general agent is thus broadly stated:

"He represents it generally. It is present in him. The public naturally rely upon him as having full power in reference to its business, and he should, in fairness, be regarded as so held out to the community by it. Especially should this be so where the home office of the company is located in another state."

The same statement of the rule is made in Booker-Jones Oil Co. v. National Refining Co., 63 Tex. Civ. App. 142, 131 S. W. 623, 132 S. W. 815, and Weimer v. Prince (Tex. Civ. App.) 246 S. W. 666.

In the case of Manhattan Life Ins. Co. v. Stubbs, 234 S. W. 1099, after a review of the

authorities, the Commission of Appeals, speaking through Justice Powell, say:

"It will be seen from the authorities above reviewed, that the powers of a general agent are almost unlimited, and are coextensive with the requirements of the business in which he is engaged."

It follows from these conclusions that the judgment of the trial court should be reversed and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.