## PITTSBURG PIPE & SUPPLY CO. v. FEDERAL MACHINE & SUPPLY CO.

### No. 5073.

Court of Civil Appeals of Texas.
Texarkana.

May 13, 1937.

Jack E. Price and Edwin Lacy, both of Longview, for appellant.

Bramlette & Levy, Richard B. Levy, and James L. Lattimore, all of Longview, for appellee.

JOHNSON, Chief Justice.

This suit was filed in the county court of Gregg county by appellee, Federal Machine & Supply Company, against appellant, Pittsburg Pipe & Supply Company. Plaintiff's petition alleges that it is a partnership composed of A. D. Ryan, H. M. Barnes, John W. Sweatt, and S. B. Barnes, and that the defendant, Pittsburg Pipe & Supply Company, is a corporation organized under the laws of the state of Oklahoma, having a permit to do business in Texas, with an office and agent at Tyler in Smith county, Tex. The petition further alleges that plaintiff on October 27, 1934, in the regular course of business and at the special instance and request of defendant performed labor and services in reconditioning certain oil well drill stem pipe, itemized in the petition and in a verified account made a part of the petition, aggregating $350; and it alleged that the labor so performed was reasonably worth the amount charged. Defendant filed a sworn answer containing a general denial and specially denying the justness of the account in whole and as to each item.

The facts show that appellant owns and operates a branch office or business at Greggton, in Gregg county,. consisting of an oil well supply house, and a machine shop for the purpose of repairing oil well machinery. Mr. Charles Trigger is manager of defendant's said business at Greggton. Plaintiff owns and operates a similar kind of business at Kilgore in Gregg county. Mr. S. B. Barnes, called by plaintiff, testified that he was a member of the partnership firm of Federal Machine & Supply Company; that the labor charged against defendant in this suit was performed on drill stem pipe "belonging to Mr. John F. Merrick"; that Mr. Merrick brought the pipe to plaintiff's shop for repair, and requested witness to call defendant company; that witness put in a long distance telephone call (from Kilgore) for the manager of defendant company (at Greggton); that Mr. Charles Trigger was manager of defendant company at Greggton; that witness had known Mr. Charles Trigger for about a year and had had one business transaction with him wherein Trigger had purchased some pipe from witness and signed a draft in payment; witness thought that he recognized the voice of the person with whom he talked over long distance telephone as being that of Mr. Charles Trigger, and that he "authorized" witness to perform the labor here involved; that the labor performed was reasonably worth the amounts charged.

Mr. Charles Trigger, called by plaintiff, testified that he was manager of Pittsburg Pipe & Supply Company at Greggton, which position he had held for the past four years; that defendant's branch office or business at Greggton of which he was manager consisted of an oil well supply house and a machine shop; that defendant company was equipped with machinery and workmen to do the kind of work here involved; that witness had no authority to engage some other company to perform that kind of work; that he did not have the telephone conversation testified to by Mr. Barnes, and had not authorized Mr. Barnes to do the work as

claimed by him; that witness had no authority to make a contract of the character here involved.

The above is, in substance, the testimony of the only two witnesses called. The court submitted but one issue to the jury, reading: "Do you find from a preponderance of the evidence that the labor involved in the account sued on was authorized by the manager of the Pittsburg Pipe & Supply Company? Answer 'yes' or 'no.'" The jury answered "Yes."

Judgment was entered in favor of plaintiff for $174. The defendant has appealed.

Appellant attacks the judgment as being without support in the evidence, in that, it is contended, the evidence fails to show that Charles Trigger had authority to bind appellant in the alleged contract.

It will be noted that appellee's petition presented no plea of estoppel, hence appellee must show that Charles Trigger, the person with whom the contract is claimed to have been made, was in fact the agent of appellant and that he had actual authority, either express or implied, as distinguishable from apparent or ostensible authority, to make the contract sued upon. Continental Oil Co. v. Baxter (Tex.Civ. App.) 59 S.W.(2d) 463.

There is no finding of the jury on the issue of Trigger's authority and none requested. Hence to sustain the judgment the evidence on that issue must be such as to establish the fact of authority as a matter of law, Tisdale v. Panhandle & S. F. Ry. Co. (Tex.Com.App.) 228 S.W. 133, otherwise the issue must be deemed to have been waived by appellee, Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. It is indisputably shown that Mr. Trigger is manager of appellant corporation's branch office or business operated at Greggton. From this fact it is to be implied that Trigger had actual authority to bind the corporation in matters within the usual and customary scope of the character of business so intrusted to his management. But the evidence showing that Mr. Trigger was manager of appellant's branch business at Greggton does not establish general agency in Trigger, in the sense of being the universal agent of the corporation, with power to make any and all character of contracts that the corporation itself could lawfully make, regardless of whether within the general scope of the business being operated at Greggton. The terms general manager and general agent of a corporation are held to be synonymous. Booker-Jones Oil Co. v. National Refining Co., 63 Tex.Civ. App. 142, 131 S.W. 623, 132 S.W. 815; Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co. (Tex.Com.App.) 235 S.W. 850; 10 Tex. Jur. 981 § 325; 2 Tex.Jur. 402 § 19. But branch manager and general manager are not synonymous terms, and no presumption arises from the office of branch manager that he has actual authority to bind the corporation in matters aside from and beyond the usual and customary course of, or incident to, the particular business of which he is manager. Guaranty Bank & Trust Co. v. Beaumont Cadillac Co. (Tex.Civ.App.) 218 S.W. 638; J. I. Case Threshing Machine Co. v. Dallas Chamber of Commerce (Tex. Civ.App.) 206 S.W. 206; 2 C.J.S. 1241, Agency § 103. Quoting from Corpus Juris Secundum: "An agent to manage, supervise, or oversee the business or property of his principal has powers coextensive in scope with the business intrusted to him, that is to say, implied authority to do in the business or with the property whatever is usually and customarily done in business or with property of the same kind in the same locality."

Trigger's testimony is understood as not denying that he had actual authority to contract for the corporation in matters within the usual and customary scope of its business at Greggton, but as denying that such authority extended to the making of a contract of the nature here sued upon (for the reason that the contract is one aside from and without the scope of the business of which he was manager). His testimony in this respect is not disputed in fact or circumstance. There is no evidence tending to show the contract to be within the usual or customary course of a business of the character being managed by Trigger. No reason is given why appellant would in anywise be interested in the repair of pipe belonging to Merrick. There is not shown any connection between the contract and appellant's business. In such circumstances, no implication would arise that Trigger had authority to make the contract. The judgment necessarily includes a finding that Trigger as agent of appellant had authority to make the contract, and in this respect the judgment is without support in evidence.

The judgment of the trial court will be reversed, and judgment here rendered for appellant.