**F. H. WOODRUFF & SONS, Inc.,**
**v. SCHUSTER.**

No. 12391.

Court of Civil Appeals of Texas.
San Antonio.

March 26, 1951.

Rehearing Denied April 23, 1952.

Walter G. Weaver, Donna, for appellant.

Chas. E. Thompson, F. E. Butler, McAllen, for appellee.

W. O. MURRAY, Justice.

This suit was instituted in the 93rd District Court of Hidalgo County, Texas, by Frank Schuster against F. H. Woodruff & Sons, Inc., a foreign corporation with its principal place of business at Milford, Connecticut, seeking to recover damages resulting to Schuster when he purchased from defendant pepper seed supposed to be of the "California Wonder" variety but which proved to be of a different variety known as "World Beater". Plaintiff alleges that after the mistake was discovered a settlement agreement was entered into and this suit is to enforce this alleged settlement agreement.

The trial was to a jury and based upon the verdict judgment was rendered in plaintiff's favor in the sum of $8,754.05 together with interest. F. H. Woodruff & Sons, Inc., have prosecuted this appeal.

In answer to special issue No. Five the jury found in effect that in working out the settlement agreement between appellee and appellant, E. E. Parker was acting within the apparent scope of his authority.

This finding of the jury is attacked by appellant as being contrary to the evidence and against the great weight and preponderance of the evidence. Appellant is a foreign corporation doing business in the

State of Texas with a branch office at Mercedes, Hidalgo County, Texas, which office is in charge of one Wesley E. Gould. On or about September 30, 1948, appellee contracted to purchase from appellant through its Mercedes office 100 pounds of "California Wonder" pepper seed at $5.10 per pound. On or about June 15, 1949 the seeds were delivered to appellee and planted by him on his farm near San Juan in Hidalgo County. They proved to be not of the "California Wonder" variety as contracted for but of the "World Beater" variety. On or about October, 1949, appellee notified Wesley E. Gould, branch manager for appellant, of the mistake that had been made. An in-the-field inspection was made by Warren J. Hauschildt, Wesley E. Gould and one Schmeling, all of whom were representatives of appellant. They all agreed that the seed were not of the "California Wonder" variety but were of the "World Beater" variety and Gould told appellee that his company would make matters right.

On or about November 11, 1949, Wesley E. Gould and Warren J. Hauschildt came to the farm of appellant and brought with them E. E. Parker of Atlanta, Georgia, and introduced him to appellee as a director of appellant corporation who had been sent down by H. F. Woodruff, appellant's President, to make a settlement of the seed matter with appellee. E. E. Parker made an inspection in the field and agreed that at least 80% of the plants were of the "World Beater" variety and not more than 20% of the "California Wonder" variety. Much discussion was had and according to the jury finding an agreement was entered into by E. E. Parker and appellee that he should continue to care for the pepper plants, mature and sell the peppers and that appellant Company would make up the difference between what these peppers brought and what was paid per acre for another 20 acre tract of peppers which were California Wonders. This appellee did and while the California Wonders sold for $300 per acre in the field, the World Beater sold for a very small sum and this suit is for the difference.

During the month of December 1949, H. F. Woodruff, the President of appellant corporation, also came to see appellee and made an inspection in the field. According to testimony introduced he stated that due to his inability to come earlier he had sent E. E. Parker for the purpose of making a settlement of the matter and that the company was pleased that a satisfactory settlement had been effected and that the company valued the good will of its customers as their chief asset. There is a conflict in the evidence as to what was said, but we are stating the facts in a light favorable to the jury findings.

The record further shows that neither E. E. Parker nor H. F. Woodruff had been given authority by the board of directors of appellant company to enter into a settlement agreement with appellee and both denied having done so.

We are of the opinion that the jury finding to the effect that E. E. Parker was acting within the apparent scope of his authority when he entered into the settlement agreement with appellee is not against the overwhelming preponderance of the evidence.

Here we have a farmer in Hidalgo County dealing through a branch office with a corporation residing in the State of Connecticut. He has been injured by the purchase of seed and he reports this fact to the branch manager who assures him the matter will be taken care of in the near future. He is told that the president of the company is coming to settle the matter. Later he is introduced to E. E. Parker a director of the company whom he is told by the branch manager the President has sent out to settle the matter. He deals with Parker in the presence of several employees of the company including the Branch Manager and they reach a satisfactory settlement. Later still he is visited by H. F. Woodruff, the President of the company who has come all the way from Milford, Connecticut, to look into the matter and informs him that he is glad that he and Mr. Parker were able to perfect a settlement. Who else could appellee deal with and how else could he obtain information as to who was authorized to make the settlement? As a practical matter he could not go to Connecticut and there examine

the minutes of the Board of Directors of the Company to see if a resolution had been passed authorizing E. E. Parker or F. H. Woodruff to settle his claim against the company. He had no one else in Texas to deal with except the branch manager and such officers and agents of the company as came to Texas to discuss the matter with him.

■ Wesley E. Gould was in charge of a branch office in Texas which was doing business in Southwest Texas as well as part of the State of Louisiana and Northern Mexico. He is described in appellant's own sworn pleading as general manager of the branch office. Under such circumstances he is presumed to be the general agent of the company in this state. C. E. Parks Grain Co. v. Townsend, Tex.Civ. App., 267 S.W. 1011; Hazelrigg v. Naranjo, Tex.Civ.App., 184 S.W. 316; Western Cottage Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S.W. 516; R. H. Swartz v. Minnesota Mutual Life Ins. Co., Tex.Civ. App., 293 S.W. 256; Manhattan Life Ins. Co. v. Stubbs, Tex.Com.App., 234 S.W. 1099; West Texas Produce Co. v. Wilson, 120 Tex. 35, 34 S.W.2d 827; Keen & Woolf Oil Co. v. Fulenwider, Tex.Civ.App., 284 S.W. 322; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442.

■ Wesley E. Gould held out to appellee that E. E. Parker and F. H. Woodruff had been sent out to Texas to settle his claim against appellant and under all of the circumstances here shown appellee had a right to rely upon such representations. He entered into a settlement agreement based upon a valuable consideration and has carried out his part of the agreement. He continued to irrigate and care for the pepper plants and brought them to maturity. He attempted to sell the peppers upon the market and got what he could out of them. The company cannot now escape liability by contending that its agents had not been authorized by the board of directors to make such a settlement.

■ Appellant also contends that the finding of the jury that such a settlement agreement was actually entered into was contrary to the great weight and preponderance of the evidence. We overrule this contention. The evidence as above pointed out does not show overwhelmingly that the compromise settlement was not entered into. The jury could very properly find from a preponderance of the evidence that the settlement agreement was made.

■ Appellant next groups his points Numbers 2, 3 and 4 and argues them collectively. Point 2 presents the contention that the court erred in excluding a written contract relating to the sale of the pepper seed herein involved. We are not referred to any place in the statement of facts where such contract was offered in evidence, nor are we informed as to whether the entire contract or only parts of it were offered or what objection was made to the evidence nor as to what the ruling of the court was with reference to the exclusion of the evidence. Under such circumstances there is no showing that the trial court committed reversible error in this connection.

Point 3 complains of the admission in evidence of testimony "relating to a mode or method of settlement discussed between E. E. Parker, Wesley E. Gould and Frank Schuster, which was used to settle a case over some melons which were killed by the wrong kind of poison dust, which case was settled by Stauffer Chemical Company." This testimony related to a discussion between the parties as to what "yard stick" should be used to measure appellee's damage and the "yard stick" used to measure the damages in the melon case was suggested as a fair measure of damages by way of compromise in the present case. As to the objection made to this testimony by appellant we are referred to pages 10 and 11 of statement of facts. We there find that three separate objections were made to this testimony as follows:

"We object to injecting into this record some matter that came up with some other party—on an entirely different deal".

"We think that any such evidence would be immaterial."

"We object to that evidence, and do not think that it has anything to do with this case."

It appears that the conversation was had during the settlement agreement and was so much a part of that settlement that it would have been very difficult to have proven the settlement agreement without admitting this conversation. It showed just how they arrived at the measure of damages in making the settlement which the jury found was made. The testimony was not subject to the objections made to its admissibility and no reversible error is shown.

Point 4 presents the contention that the court erred in admitting testimony "relating to a discussion of how Baxter Seed Company settled a certain claim for bad pepper seed in Rio Grande City, which claim was not involved herein, which evidence shows that said settlement was discussed in a certain conversation on November 11, 1949, had between plaintiff, Frank Schuster and E. E. Parker and one Wesley E. Gould and Warren J. Hauschildt, who are employees of defendant (appellant) corporation: Appellant's counsel having objected to all of such evidence on the basis that the same was immaterial and irrelevant and had nothing to do with the case at bar."

The evidence objected to also occurred as a part of the conversation which the jury found resulted in a settlement agreement between the parties hereto. This conversation was had between the parties in an effort to agree upon a proper measure of damages by which appellee's claim could be settled. It was also so closely connected with the settlement agreement, in effect to become a part of the terms of settlement and was not subject to the objection offered by appellant.

Appellant further contends that there was no consideration for the settlement agreement. We overrule this contention. It is shown that appellee purchased pepper seed from appellant and that the seed were not as represented but were of a different and inferior brand from that purchased, that this resulted in damages to appellee and that he undoubtedly had a claim of some nature against appellant. This claim was sufficient consideration for the settlement agreement. Also the settlement agreement was based upon mutual promises. Appellee agreed to irrigate the pepper, cultivate them and do everything necessary to mature them and sell them at the best possible price. Appellant agreed then to pay him the difference between the price which the peppers brought and the price per acre he would be able to sell another crop for, planted from different pepper seed. Appellee has carried out his part of this settlement agreement and appellant is not now in a position to contend there was no consideration for such settlement agreement.

Appellant contends that appellee was bound without any agreement to irrigate and care for the pepper plants and to sell them for the best price possible in order to diminish the damages. Appellee stated that he would have plowed up the peppers and have planted tomatoes but for the settlement agreement. This he would have had a right to do.

Appellant presents other matters such as that he should have been given an instructed verdict and that he was entitled to judgment notwithstanding the verdict but all of these contentions are based upon the theory that E. E. Parker and H. F. Woodruff were not acting within the apparent scope of their authority when they entered into the settlement agreement. We have decided this question of agency against appellant and therefore his remaining contentions will be overruled.

The judgment is affirmed.